**INDUSTRIAL COMM v BORCHERT**

Ohio Appeals, 6th Dist, Lucas Co

No 2950. Decided June 25, 1934

Frank E. Galkins, Toledo, for plaintiff in error.

Royal B. Binzer, Toledo, and J. Harrington Boyd, Toledo, for defendant in error.

CROW, J (3rd Dist) sitting by designation,

**OPINION**

By LLOYD, J.

From the foregoing issues and facts, the question arises as to whether the condition of Borchert as disclosed by the surgical operation was an injury within the meaning of the Workmen's Compensaton Law. All of the evidence is clearly and indisputably to the effect that the disclosed condition developed over a long period of time and resulted from the repeated contacts of the cases of milk with Borchert's body, no one of which alone was the cause. All of them together, say the physicians by gradation of effect, caused the ultimately discovered condition. The manner of performing the work was the usual, customary and incidental method inherent in his employment. In its meaning, the term "disease" is of broad and inclusive significance, but no claim is here made that Borchert's condition was a compensable disease. Neither was his condition the result of an accident, since an accident is an instant happening not the result of a gradually progressing or developing condition. The evidence does not indicate that the falling by Borchert upon the slippery floor induced or in any way affected or caused Borchert's alleged injury. The medical testimony, which is the only evidence on the subject, attributes the cause of his suffering solely to the continuing series of physical contacts of his body with the milk cases during the five months' period of his employment. The Supreme Court in **Industrial Commission v Franken, 126 Oh St, 299,** has emphatically stated that.

"Unless the entire theory of the Workmen's Compensation Law, which has obtained in this state for many years, is to be disregarded, and the many decisions of this court involving the questions are to be reversed, it must be held that the term 'injury' as used in the Ohio Workmen's Compensation Law. comprehends only such injuries as are accidental in their origin and cause."

The court also says that:
"Impairment of physical condition accruing from constant and continued labor, no matter how heavy and arduous it may be, is not covered by the Workmen's Compensation Law. Such impairment does not come within the meaning of the term 'injury'."

Also, in the first syllabus in **Industrial Commission v Lambert, 126 Oh St 501,** it is held that:

"Unless a claimant's condition is the result of physical injury, it is not compensable under the workmen's compensation law of Ohio."

Lambert's duties "consisted in carrying ladles of molten iron from the furnace to the moulds. The specific claim was to the effect that at about 11 o'clock A. M. on February 22, 1930, the heat and pressure of the ladle handle so affected the palmar surface of his right hand that it became inflamed, swollen and numb, and injured the nerves and tendons of his right hand to such an extent that it became paralyzed and useless."

In its opinion, at page 504, the Supreme Court says:
"There is absolutely no evidence of an accident or specific injury on February 22, 1930. If the work had anything to do with claimant's condition, it was simply because the nature of the employment caused 'The pressure of that hot iron handle on his hand,' and this in turn developed an inflammatory process. There was nothing unusual in the nature of claimant's employment on February 22, 1930. He was doing the same work he had been doing for seven years."

In harmony with the foregoing decisions, we conclude that the bodily impairment suffered by Borchert is not an injury within the meaning of the Workmen's Compensation Law.

The judgment of the Court of Common Pleas is therefore reversed and final judgment rendered in favor of the Industrial Commission.

Reversed and final judgment.

RICHARDS and CROW, JJ, concur.