## INDUSTRIAL COMMISSION v AULER

Ohio Appeals, 6th Dist, Lucas Co

No 2993. Decided Dec 17, 1934

Frank E. Calkins, Toledo, for plaintiff in error.

Cecil Stickney, Toledo, for defendant in error.

matter how heavy and arduous it may be, is not covered by the Workmen's Compensation Law. Such impairment does not come within the meaning of the term 'injury'."

This court, on principle, is unable to distinguish the instant case from that of **Industrial Commission v Borchert, 41 Oh Ap, 6th District, unreported, p. 105 (17 Abs 540).** Following the principles announced therein and in the Supreme Court opinions therein cited, we conclude that the Court of Common Pleas erred in refusing to direct a verdict in favor of the Industrial Commission on its motion therefor.

The judgment of the Court of Common Pleas is therefore reversed and final judgment entered in favor of plaintiff in error.

Reversed and final judgment.

OVERMYER, J, concurs.
RICHARDS, J, not participating.

## INDUSTRIAL COMM v BRUBAKER

Ohio Appeals, 2nd Dist, Miami Co

No 333. Decided Nov 19, 1934

## OPINION

By LLOYD, J.

No one would suggest that Auler's loss of sight was within the statutory enumerated compensable diseases, nor would it seem that his condition was the result of a physical injury accidental in origin and cause. It is not claimed that he received any physical injury by striking or being struck by an angle iron or by any other object, or that anything unusual occurred except that he tripped and fell as a result of dizziness a half hour before his vision failed. He was engaged in his usual employment, doing his work in the usual way. If it be said that the repeated lifting and carrying of angle irons was such work as induced Auler's affliction, then in the words of the Supreme Court in **Industrial Commission v Franken, 126 Oh St, 299:**

"Impairment of physical condition accruing from constant and continued labor, no