Industrial Commission of Ohio *v.* George.

(Decided June 10, 1935.)

*Mr. John W. Bricker,* attorney general, and *Mr. R. R. Zurmehly,* for plaintiff in error.

*Mr. Edward M. Fries,* for defendant in error.

Overmyer, J. The defendant in error, A. R. George, was in the employ of the Board of Trustees of Henry township, Wood county, Ohio, for the period from about April 10, 1930 to about the first of November, 1930, as a truck driver in the hauling of stone for such trustees. The Board of Trustees was a contributor to the fund under the Workmen's Compensation Law. In his petition filed in the Common Pleas Court of that county on March 4, 1935, George alleges:

"That during the time said plaintiff was employed by said Board of Trustees, and while working for said township and in the course of his employment he received an injury which resulted in hematuria of both the right and left kidneys; that by reason of said injury so secured during the course of employment, he

was totally disabled from about the time of his application (April, 1931) to the last of Nov., 1933.

"That the injuries which he received to his kidneys were caused while he was employed in driving a stone truck for said Board of Township Trustees, and by reason of the fact that said stone truck had solid rubber tires that had pieces broken out of them which caused an excessive jar on each revolution of said wheels, and that the excessive jar on each revolution of said wheels received by reason of the defective condition of said solid tires caused a traumatic injury to his kidneys."

The petition alleged the filing of a claim with the Industrial Commission and the rejection of the same on hearing and rehearing. The appeal in Common Pleas Court was heard by the court, a jury having been waived, and resulted in a finding and judgment in favor of the claimant. From this judgment error is prosecuted by the commission on the ground that the injury sustained is not compensable within the provisions and meaning of the Workmen's Compensation Law.

It appears from the claimant's own testimony that in 1926, four years before the occasion of which complaint is made in this case, he had an attack of bleeding of the kidneys, and discharge of blood with the urine, during his employment on a corn shredder which vibrated considerably while in operation. He had also worked on a grain separator all summer before working on the corn shredder. He was treated by a physician at that time, discontinued that employment, and the kidney condition cleared up. It appears, therefore, that he was perhaps unusually susceptible to kidney difficulty when engaged in work that vibrated or jarred the kidneys.

Claimant testifies that in August, 1930, while employed in driving the stone truck for the township

trustees, he again had an attack of bleeding from the kidneys; that he did not see a physician for some days; that he then went to his former physician, who began to treat him, but that he continued to drive the truck for six or seven weeks longer although his condition continued to grow worse. In January, 1931, his physician sent him to a specialist, Dr. Hartman of Findlay, Ohio, who succeeded in discovering the real trouble by means of a cystoscopic examination, and under this doctor's treatment the bleeding stopped and he made a full recovery. He had quit driving the truck about the first of November, 1930.

There is no claim made by Mr. George anywhere in his petition or his testimony, or by any one in his behalf, that in the driving of his truck there was ever on any occasion any accident, any specific injury, and unusual or unexpected event on any day different from other days; on the contrary, the claim is based frankly upon the proposition that the constant vibration and jarring of the truck day after day, due to pieces being broken out of the solid tires in the rear wheels, brought about the kidney condition which resulted in his disability; and, in view of his previous experience on the corn shredder, this may well be believed. But this is the very thing that makes his injuries noncompensable. His injuries were occupational, not accidental, and the Workmen's Compensation Law compensates only certain occupational diseases enumerated in the statute (of which hematuria of the kidney is not one), and all other claims must be based on physical injury accidental in its cause and origin occurring on some specified occasion or occasions.

The Court of Common Pleas found that Mr. George's disability "was brought about by the continuous bumping of the truck, and resulted in an injury"; but this court and the Supreme Court have repeatedly held that there can be no recovery where the disability arises from occupational sources, that

is, heavy work, lifting, jarring, straining, gases, fumes, weather conditions, etc., unless there was an accident, a specific physical injury, an unusual and unexpected occurrence on a specified occasion different from other occasions. *Industrial Commission* v. *Borchert,* 49 Ohio App., 5, 194 N. E., 881 (Motion to certify overruled); *Industrial Commission* v. *Franken,* 126 Ohio St., 299, 185 N. E., 199; *Industrial Commission* v. *Roth,* 98 Ohio St., 34, 120 N. E., 172, 6 A. L. R., 1463; *Industrial Commission* v. *Middleton,* 126 Ohio St., 212, 184 N. E., 835; *Industrial Commission* v. *Crawford,* 126 Ohio St., 379, 185 N. E., 840; *Industrial Commission* v. *Cross,* 104 Ohio St., 561, 136 N. E., 283; *Industrial Commission* v. *Lambert,* 126 Ohio St., 501, 186 N. E., 89; *Industrial Commission* v. *Bartholome,* 128 Ohio St., 13, 17, 190 N. E., 193.

Dr. Hartman described Mr. George's condition as a "traumatic hemorragic condition of the kidneys," and said that finding no other cause for it he concluded it was caused by the constant bumping of the truck. Dr. Spitler, claimant's first physician, testified that through the process of elimination his "verdict was that it must have been produced by this constant jarring of the truck, because we could find no other cause for it." Further, he was asked if "the continuation of this jar—constant jar over a period of weeks and months—caused the blood vessels (of the kidneys) to weaken and rupture," and he answered: "That would be my conclusion."

Finding, as we must, that the injuries suffered by the claimant are not compensable under the law, the judgment of the Common Pleas Court will be reversed and the cause remanded to that court with directions to enter final judgment for the Industrial Commission.

*Judgment reversed.*

LLOYD and CARPENTER, JJ., concur.