Matthias, J.
 

 This action was instituted in the court of common pleas of Franklin county, Ohio, as an appeal from the action of the Industrial Commission of the state denying to Mary Franken, widow of Henry Franken, participation in the workmen’s compensation fund by reason of the death of Henry Franken, which it was claimed resulted from an injury sustained by him on or about April 3, 1930. The trial in the court of common pleas resulted in a verdict in favor of plaintiff and that was affirmed by the Court of Appeals. Upon motion the record was ordered certified to this court.
 

 The single question presented in this case is whether the facts disclosed by the record warrant an award under the Workmen’s Compensation Act (Section 1465-37
 
 et seq.,
 
 General Code).
 

 The record discloses that Franken had been in the employ of the Ohio State Stove Company for nineteen years as a “pressman;” his particular task being to handle dies, which weighed from twenty-five to four hundred pounds, an apparatus being provided and used to handle those which were too heavy to be lifted otherwise. No “accident” occurred, as that term is ordinarily understood and applied. Some time during the day above mentioned Franken made some complaint about not feeling well and quit work and went home. He died twenty-five days later, his trouble being diagnosed as heart failure. At the time he quit work he complained of indigestion. The record discloses that upon arriving home he had pains through his chest, and the doctor later stated that he was suffering from an acute dilation of the heart. There is no evidence whatever of any extraordinary
 
 *301
 
 or unusual happening in and about Franken’s work preceding his illness. There is some evidence that on the day in question he had handled a die weighing three hundred pounds, but it does not appear that handling a die of that weight with the apparatus provided was any more strenuous than lifting by hand a die weighing thirty-five or forty pounds. The physician testified that in his opinion the heart condition described was caused by “some severe muscular strain.”
 

 The right of recovery in any case such as this cannot be determined upon the theory that the work in which the employe was engaged was heavy, or of a strenuous character, and by reason of
 
 long
 
 continuance resulted in physical impairment. It cannot be claimed that there may be a recovery from the workmen’s compensation fund by reason of a disease or physical ailment not the direct result of an injury. The Constitution, and the statute enacted thereunder, have made a clear distinction between injury and disease, and the only diseases which have been made compensable are certain occupational diseases enumerated by the statute. The fact that work being done by the employe is light or heavy work has no place in the consideration of the right to recover, for what is heavy work for one man may for another be so light as to involve no hazard at all. Impairment of physical condition accruing from constant and continued labor, no matter how heavy or arduous it may be, is not covered by the Workmen’s Compensation Law. Such impairment does not come within the meaning of the term “injury,” and that is true whether the term “injury,” as used in the Workmen’s Compensation Law, contemplates accidental injury. However, unless the entire theory of the Workmen’s Compensation Law which has obtained in this state for many years is to be disregarded and the many decisions of this court
 
 *302
 
 involving the question are to be reversed, it must be held that the term “injury” as used in the Ohio Workmen’s Compensation Law comprehends only such injuries as are accidental in their origin and cause. This has been the holding of this court since the case of
 
 Industrial Commission
 
 v.
 
 Brown,
 
 92 Ohio St., 309, 110 N. E., 744, L. R. A., 1916B, 1277, and the doctrine therein stated has been reiterated in
 
 Industrial Commission
 
 v.
 
 Roth,
 
 98 Ohio St., 34, 120 N. E., 172, 6 A. L. R., 1463,
 
 Industrial Commission
 
 v.
 
 Cross,
 
 104 Ohio St., 561, 136 N. E., 283,
 
 Renkel
 
 v.
 
 Industrial Commission,
 
 109 Ohio St., 152, 141 N. E., 834, and
 
 Industrial Commission
 
 v.
 
 Russell,
 
 111 Ohio St., 692, 146 N. E., 305.
 

 If the scope of cases compensable is to be extended, it should be done by unambiguous legislative enactment.
 

 Judgment reversed.
 

 Ahlen, Kinkade, Stephenson and Jones, JJ., concur.
 

 Weygandt, C. J., not participating.