Stephenson, J.
 

 Counsel for claimant stand squarely on the case of
 
 Industrial Commission
 
 v.
 
 Weimer,
 
 124 Ohio St., 50, 176 N. E., 886. It takes some stretch of the imagination to make the
 
 Weimer case
 
 fit the instant ease. The
 
 Weimer case
 
 was an infection case. There is no such question in this case. In the
 
 Weimer case
 
 the court found as a matter of fact that there was evidence in the record to the effect that there was “injury sustained by Weimer, in that the skin became worn down * * * and thus ultimately suffered small lacerations through which infection entered.”
 

 The doctor testified in that case to the effect that conditions such as were found in that case were
 
 *504
 
 caused only by infection plus trauma, and that there must have been an abrasion of the skin to produce such condition. The court held that under the record the case should have been sent to the jury, holding further that “the infinitesimal character of the abrasion does not change its character. If it exists it constitutes án injury.”
 

 There was evidence of trauma in the
 
 Weimer case.
 
 There is no such evidence in the case now before us.
 

 We fully recognize the rule that the Workmen’s Compensation Act should be construed liberally so as to subserve the purpose of its enactment, and that trauma is trauma, however slight; but we have no power to inject it into a silent record.
 

 There is absolutely no evidence of an accident or specific injury on February 22, 1930. If the work had anything to do with claimant’s condition, it was simply because the nature of the employment caused “the pressure of that hot iron handle on his hand,” and this in turn developed an inflammatory process. There was nothing unusual in the nature of claimant’s employment on February 22, 1930. He was doing the same work he had been doing for seven years. True, he said he was on the longest trip that morning, but he had been making this trip at intervals for seven years, and there is nothing to show that the length of the trip had anything to do with causing the injury, other than the inference that his hand was probably on the shank of the ladle longer and exposed to the heat for a greater duration of time than on shorter trips. But this inference is of little assistance in the absence of testimony as to what caused claimant’s condition. There is no testimony in this record from which a reasonable inference can be drawn to the effect that claimant’s condition was the result of “sudden happening,” but rather was the result of the prolonged carrying of the ladle of molten iron and the incidental exposure to the heat therefrom.
 

 
 *505
 
 This statement is made in view of Dr. Hunter’s testimony to the effect that claimant had a calloused and very peculiar hand.
 

 Finding as we do that there is no testimony in the record tending to show that claimant’s condition was caused by injury, the judgments of the Court of Appeals and the court of common pleas are reversed on the authority of
 
 Industrial Commission
 
 v.
 
 Brown,
 
 92 Ohio St., 309, 110 N. E., 744, L. R. A., 1916B, 1277;
 
 Industrial Commission
 
 v.
 
 Roth,
 
 98 Ohio St., 34, 120 N. E., 172, 6 A. L. R., 1463;
 
 Industrial Commission
 
 v.
 
 Cross,
 
 104 Ohio St., 561, 136 N. E., 283;
 
 Renkel
 
 v.
 
 Industrial Commission,
 
 109 Ohio St., 152, 141 N. E., 834;
 
 Industrial Commission
 
 v.
 
 Middleton, ante,
 
 212, 184 N. E., 835; and
 
 Industrial Commission
 
 v.
 
 Franken, ante,
 
 299, 185 N. E., 199.
 

 Judgment reversed.
 

 Day, Allen, Jones and Matthias, JJ., concur.
 

 Weygandt, C. J., dissents.
 

 Kinkade, J., not participating.