THE CINCINNATI STREET RY. CO. *v.* CLOCK.

(Decided December 24, 1934.)

*Mr. Leo J. Brumleve,* for plaintiff in error.
*Mr. Herbert Barnhorn* and *Mr. Henry E. Beebe,* for defendant in error.

Ross, J. This case is presented on error from the Court of Common Pleas of Hamilton county, wherein plaintiff, William Clock, claimant, was adjudged the right to participate in the State Insurance Fund under the Workmen's Compensation Law.

The claimant was employed by the plaintiff in error, The Cincinnati Street Railway Company, a self-insurer, and, among his other duties, plaintiff was required to lift heavy cans from a rack. While doing so

on an occasion near the time when his employment ceased for the day, the claimant, hastening to conclude his work, strained himself in such a manner as to cause a rupture of the abdominal wall.

Claimant testified:

"3. In reference to this matter you make claim for today, Mr. Clock, about when do you recall this injury occurred? A. Well, on around last of April, 1st of May, 1929.

"4. Now just what were you doing at that time? A. I was down Winton Place barns, that was my job lifting tanks off from racks, roll racks, that's where I was hurt lifting these tanks.

"5. How long had you been with that firm? A. Well, I've been with Street Railway Traction Company altogether twenty years.

"6. And how about the weight of those things? A. Well, this here wasn't full tank understand, I was lifting from the racks, they weigh plenty these steel tanks do, where I lift them, lift it from the rack.

"Mr. Weber: Move 'they weigh plenty' be stricken.

"Referee: Approximate the weight, Mr. Clock.

"Witness: Something like a hundred, never weighed any of them, lifted plenty of them, lifted up and down, big ones we had to lift with a crane, but we have to lift them down before we could pick them up with a crane.

"7. How long had you been working in that particular department? A. About a year, I guess."

"12. What happened, just state what happened, what was injury you sustained? A. Rupture.

"13. When did you first notice it? A. First time I noticed right away when this broke down, when lifted this tank—what happened while I was lifting tank from the racks was in hurry, fifteen minutes to five, near quitting time, near five o'clock.

"14. Did you say anything about it to anybody at

that time? A. Say nothing about it at the time, fellow here, buddy rode home in the machine that night, fellow here now, I told him about it, and I told several people about getting hurt on the job.''

''62. Was it necessary for you to lift barrel, Mr. Clock? A. Sure was.

''63. Couldn't roll it down to the floor? A. No, can't do that. Have to lift them.''

Section 35, Article II, of the Ohio Constitution, provides in part as follows:

''For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom.''

Section 1465-68, General Code, in part, provides:

''Every employe mentioned in Section 1465-61, who is injured, and the dependents of such as are killed in the course of employment, wheresoever such injury has occurred, provided the same was not purposely self-inflicted, on or after January 1st, 1914, shall be paid such compensation out of the state insurance fund for loss sustained on account of such injury or death as is provided in the case of other injured or killed employes, and shall be entitled to receive such medical, nurse and hospital services and medicines, and such amount of funeral expenses as are payable in the case of other injured or killed employes.''

The only limitation found in either the Constitution or statute upon recovery for an ''injury'' received is that it must be in the course of and by reason of the employment, and shall not be self-inflicted.

Obviously, the claimant received an injury in the instant case, during the course of his employment and

by reason thereof. It cannot be gainsaid that a rupture is an injury. Injury is defined to be: "Hurt or loss caused to or sustained by a person; harm, detriment, damage." Shorter Oxford Eng. Dictionary, 1933.

It is difficult to imagine more complete, all-embracing language than that used in the Constitution and statute quoted. No element of negligence or contributory negligence is involved. The intention of both the people and the Legislature to compensate for hurt or loss caused to or sustained by the employee in the course of his employment is too plain to be ignored.

The plaintiff in error relies upon *Industrial Commission* v. *Franken,* 126 Ohio St., 299, 185 N. E., 199. Even there the court merely draws the line, recognized in the Constitution and statutes, between injury and occupational disease. Paragraph two of the syllabus is as follows:

"The term 'injury' as used in the Workmen's Compensation Law of Ohio comprehends only such injuries as are accidental in their origin and cause."

Even though, by reason of judicial subordination, we are forced to accept the interpolation in the Constitution and statutes, injected as a modification of the simple word "injury" used therein, we have no difficulty in finding that the injury in question was "accidental."

"Accidental" is defined as "Happening by or pertaining to chance, casual, fortuitous." Shorter Oxford Eng. Dictionary, 1933.

No suggestion of disease is here involved. The injury received by claimant was sudden, unlooked for, happened by chance, and was received by reason of and during his regular employment. He is thus brought directly in line for compensation under the mandate of the people and the intention of the Legislature.

"The pole star of our constitutional provisions relating to workmen's compensation is the welfare of its workmen." *State, ex rel. Williams,* v. *Industrial Commission,* 116 Ohio St., 45, at page 52, 156 N. E., 101.

We note the latest statement of the Supreme Court in the case of *Mabley & Carew Co.* v. *Lee, a Minor,* 129 Ohio St., 69, 193 N. E., 745, where it is stated in the opinion:

"The amendment has become an integral part of the organic law of this state, and consequently neither the Legislature nor this court can narrow or broaden its terms."

So finding, we conclude the judgment must be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.