**PHILLIPS v INDUSTRIAL COMMISSION**

Ohio Appeals, 4th Dist, Athens Co

Decided Nov 14, 1936

Woolley & Rowland, Athens, and O. G. Terry, Columbus, for appellant.

John W. Bricker, Attorney General, Columbus, Herbert W. Mitchell, St. Clairsville, and Harold J. Rose, Athens, for appellee.

**OPINION**

By BLOSSER, J.

Danzelle Phillips, appellant, was denied compensation by the Industrial Commission of Ohio, appellee, for alleged injuries incurred by him in the course of his employment. On appeal to the Court of Common Pleas the case was tried to a jury and a verdict and judgment were returned and entered in favor of the Industrial Commission. He thereupon gave notice of appeal to this court on questions of law and fact and perfected a bill of exceptions.

This is not a chancery case and the appeal should have been on questions of law. The notice of appeal may be amended by striking therefrom the words "and fact."

Semmers v DeRan, 53 Oh Ap 87, 4 NE (2d) 267, (22 Abs 310).

The petition alleges that the plaintiff sustained a severe injury when lifting pieces of rock weighing two hundred pounds which resulted in the rupture of ulcers of the stomach, and claimed that he had been disabled from work and compelled to undergo an operation and remain in a hospital for a long period of time. The evidence tended to support the allegations of the petition.

The court in charging the jury among other things said:

"Now, members of the jury, the evidence shows that on October 9, 1931, the plaintiff was suffering from a rupture or perforated ulcer of the duodenum. He claims in his petition that the rupture was caused by peculiar and unusual exertion in lifting heavy rock on October 6, 1931. The plaintiff does not claim in his petition nor does the evidence show that he received an external trauma or injury. Neither does he claim that he was struck or that he slipped or fell but simply that the rupture of the ulcer was directly caused by the lifting of a heavy stone causing an unusual strain of his body by reason of the unusual heavy labor not required in the usual course of his duties. In other words, he claims that the injury arose out of an unusual and peculiar physical exertion. * * *

"It therefore follows, members of the jury, that before you could find that the plaintiff suffered an injury as defined under the Workmen's Compensation Act you would have to find by a preponderance of the evidence that the plaintiff on or about October 6, 1931, was engaged in lifting a stone of unusual weight, imposing an unusual burden and strain occasioned thereby, if you find he was in the performance of such unusual burden (which) was the direct and proximate cause of said ulcer becoming so perforated or ruptured."

A reversal is sought principally on the ground of error in the charge of the court. The charge places an improper burden on the plaintiff. The rule laid down in the last paragraph quoted from the general charge went beyond the statutes and Constitution governing workmen's compensation. If the plaintiff was injured in the course of his employment he did not have to be in the performance of an unusual burden or an unusual employment. If he was injured in the course of his usual employment and the case came within those recognized by the law he would be entitled to compensation regardless of the unusual burden or unusual employment.

It is urged that this charge of the court is supported by the case of Industrial Commission v Franken, 126 Oh St 299, 185 NE 199. In that case the court laid down the law and drew the distinction between injury and occupational diseases and applied the law to the facts of that particular case. This case goes beyond the Franken case. The evidence in this case does not tend to show that the plaintiff was suffering from an occupational disease. The Supreme Court in the case of Industrial Commission v Cross, 104 Oh St 561, 136 NE 283, distinguishes between diseases and injuries. As was said in the opinion in Industrial Commission v Bartholome, 128 Oh St 13, 17, 190 NE 193, "It is not the 'wear,' but the 'tear' that is compensable, * * *"

If the plaintiff in the usual course of his employment and in lifting a stone ruptured the ulcers of his stomach it was a "tear" and not a "wear", and therefore would be compensable.

The facts in this case are analogous to those in the case of Cincinnati Street Ry. Co. v Clock, 50 Oh Ap 139, 197 NE 592, where it was held:

"A rupture of the abdominal wall, sustained by an employee of a self-insurer while lifting in the course of his employment is an accidental injury, compensable under the Workmen's Compensation Law."

For the error indicated in the charge of the court the judgment will be reversed and the cause remanded to the Court of Common Pleas for further proceedings according to law.

Judgment reversed and cause remanded.

MIDDLETON, PJ, and McCURDY, J, concur.