By the Court.
 

 The record in this case would in
 
 *82
 
 dicate that David Goodman died from a heart condition which came upon him while he was occupied with his customary duties as a baker. Does such incident come within the classification of an “injury” entitling his dependents to death benefits from the State Insurance Fund?
 

 Whatever the rule in other jurisdictions may be, the Supreme Court of Ohio, through a long’ line of decisions, has consistently defined the meaning of the term “injury,” as used in the Constitution and statutes, to be physical or traumatic injuries accidental in their origin and cause; the result of a sudden happening at a particular time.
 
 Industrial Commission
 
 v.
 
 Franken,
 
 126 Ohio St., 299, 185 N. E., 199;
 
 Industrial Commission
 
 v.
 
 Lambert,
 
 126 Ohio St., 501, 186 N. E., 89.
 

 All of the eye witnesses testified that Goodman was at his bench handling dough in the usual way and under the usual conditions, when he collapsed from no apparent cause. He was not engaged in any extraordinary effort at the time; in fact there is no disclosure of anything occurring to him by reason of the activities, conditions' or environments of his employment which can possibly be denoted as a compensable injury within the rules so often announced by this court.
 

 It hardly seems necessary to remark that in cases of this general type the peculiar facts of the individual case are largely controlling. Here, the members of this court are unanimously of the opinion that the appellee was entitled to a directed verdict or judgment in its favor upon the rehearing record before the court, and on the basis that no injury was shown.
 

 Such determination makes' other errors assigned by counsel for the appellant of little practical importance, relating as they do to medical testimony, claimed to have been improperly introduced and received, on the point of whether the decedent’s heart dilatation was at
 
 *83
 
 tributable to the general character of the work he was performing.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.