## VOGT v INDUST. COMM.

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5840. Decided Nov. 18, 1940.

B. Wm. Heidkamp, Cincinnati, and Jos. I. Williams, Cincinnati, for appellant.

Thomas J. Herbert, Columbus, E. P. Felker, and Edward A. Schott, Cincinnati, for appellee.

## OPINION

By ROSS, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County, wherein that court sustained a demurrer to the petition on the grounds, that, first, that the court had no jurisdiction of the subject-matter of the action, and second, that such petition did not state a cause of action.

The defendant first filed an answer, and then was permitted to withdraw the same and file a demurrer to the petition, which the court sustained, and the plaintiff not desiring to plead further, judgment was entered for the defendant, in which judgment entry the court found that the plaintiff was not entitled to participate in the State Insurance Fund.

The plaintiff alleges in her petition that she is the widow of a decedent employe of the Hudepohl Brewing Company, that she was wholly dependant upon such decedent, that he suffered from a disease of the heart known as "chronic fibrous myocarditis", and was compelled to desist from his employment on February 5, 1936 because of this affliction, that he received medical attention for the ailment, returned to work on April 8, 1936, attempted to aid in stacking beer barrels, weighing approximately four hundred pounds, upon a truck, suffered a "coronary occlusion", which resulted in his death almost immediately.

The plaintiff further states in the petition that:

"decedent's death was the direct and proximate result of his occupation in that the strain of placing the four hundred pound barrels of beer aggravated the pre-existing chronic fibrous myocarditis, which resulted in death from coronary occlusion."

The procedural steps necessary to give the Common Pleas Court jurisdiction are properly set forth in the petition.

It is the claim of the defendant "that the plaintiff in her petition has not set forth a physical or traumatic injury, accidental in its origin and cause, and the result of a sudden, extraordinary or unusual happening. Nowhere in plaintiff's petition do we find an allegation or averment of fact upon which an accidental injury within the contemplation of the act might be predicated."

Our attention is directed to what is stated by counsel for the defendant to be the last pronouncement of the Supreme Court in **Goodman v Industrial Commission, 135 Oh St 81**, wherein in the opinon, at page 82, the court say:

"Whatever the rule in other jurisdictions may be, the Supreme Court of Ohio, through a long line of decisions, has consistently defined the meaning of the term 'injury', as used in the Constitution and statutes, to be physical or traumatic injuries accidental in their origin and cause; the result of a sudden happening at a particular time. **Industrial Commission v Franken, 126 Oh St 299, 185 N. E. 199; Industrial Commission v Lambert, 126 Oh St 501, 186 N. E. 89.**"

But in the same volume the Supreme Court considered a case, the facts of which are very similar to those alleged in the petition. That case was certified to the Supreme Court by the Court of Appeals of Franklin County, as being in conflict with the judgment in the case of **Industrial Commission v Gillard, 41 Oh Ap 297.** In this latter decision, the Court of Appeals of Cuyahoga County, the court in its opinion at page 299, say:

"The decedent had a weak heart and was troubled with sclerosis, I suppose is undeniable, but apparently he had worked regularly and had not been ill up to the time of his death.

"One of the questions raised is that there was no evidence to go to the jury that the death was caused in any way by accident but that it was a natural death caused from natural causes in no way connected with his employment.

"We do not think the record bears that theory out. It surely is the law of this state that, where a person is not physically perfect, and by overstrain or extra work the cause of weakness existing in the system is made operative, or hidden defects are aggravated, by which the death of the insured party is accelerated, the injury is compensable (§1465-37 et seq. GC),

even though had the person been sound in every particular the strain would not have been sufficient to cause his death or provoke any serious physical injury. We think the law is that, even though a person is not perfect, if over-exertion, or extra work that one is not accustomed to, precipitates or brings about the condition which otherwise would not have happened, the injury is compensable, and we find there is evidence in this record which would warrant the jury in coming to a conclusion upon that question in favor of the claimant and against the Industrial Commission."

The Supreme Court in considering the two cases, stated at page 546 of the opinion in **Haviland v Industrial Commission, 135 Oh St 545:**

"Both are borderline cases in respect to claims involving internal injuries. In such circumstances each case must be decided according to its own particular facts. In the instant case, from the evidence set forth in the record, the Court of Common Pleas and the Court of Appeals could well have reached the conclusion which they did, and by reason thereof such finding will not be disturbed."

Reference to works on anatomy and medicine, and the dictionary develop that the myocardium is the "muscular substance of the heart"; that myocarditis means "inflammation of the muscular wall of the heart". Black's Medical Dictionary. "The arteries supplying the heart are the right and left coronary from the aorta." Gray's Anatomy.

"Occlusion" is defined in the Oxford English Dictionary to be "The action of occluding or fact of being occluded; stopping up, closing."

From the allegations of the petition, we gain the impression that the decedent first suffered from a chronic inflammation of the fibrous substance of the heart, and that the heavy strain put upon the decedent while suffering from this condtion caused one of the coronary arteries to be clogged or

closed, by some substance foreign to the blood which had been dislodged from the fibrous tissue by the strain placed upon the heart incident to the employe's work, resulting in his death.

In the case of **Guardian Life Ins. Co. v Vesser, 128 Oh St. 200,** the first paragraph of the syllabus reads:

"For the purpose of testing the legal sufficiency of a pleading, a demurrer admits not only the proper and well-pleaded factual allegations thereof, but also the fair, reasonable and favorable intendments and inference arising therefrom."

Following this rule, we are justified in concluding that the trial court did have jurisdiction over the subject-matter of this action, and that within the purview of the Gillard case, supra, the petition stated sufficiently a cause of action under the Workman's Compensation Act.

Unquestionably, the petition is subject to a motion to make definite and certain, as the facts stating the injury to the decedent and the cause of his death are in technical language, which could be amplified in the interests of clarity.

For the reasons given, the judgment of the trial court is reversed and the cause remanded for further proceedings in accordance with law.

HAMILTON, PJ. & MATTHEWS, J., concur.