By the Court.
 

 The single question presented by the defendant for the consideration of this court is: “Does a petition which recites merely that an employee died from a coronary occlusion suffered while engaged in the performance of his regular duties consisting of heavy work, state a cause of action against the Industrial Commission of Ohio?”
 

 This court is not asked to announce a new rule of law but rather to reapply a frequently stated principle to the facts alleged in this plaintiff’s petition as above summarized.
 

 The defendant relies upon the pronouncement in the case of
 
 Goodman
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 81, 19 N. E. (2d), 508, in which it was observed that this court has consistently defined the term “injury,” as used in the Constitution and statutes of Ohio, to be physical or traumatic in origin and cause, and resulting from a sudden happening at a particular
 
 *235
 
 time. In that case the deceased suffered an acute dilatation of the heart while in the performance of 'his customary duties as a baker. Death resulted the same day. The claim was disallowed by the Industrial Commission and the courts.
 

 In the instant case a careful study of the allegations in the plaintiff’s petition discloses nothing to indicate that the deceased was not merely performing his usual duties in the usual manner without traumatic injury of any nature arising therefrom.
 

 The judgment of the Court of Appeals clearly must be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.