By the Court.
 

 In numerous cases this court has held that to come within the purview of the provisions of the Constitution and statutes of Ohio relating to workmen’s compensation, an injury must be accidental in origin and cause,
 
 i. e.,
 
 it must result from a particular, sudden and unexpected happening in the course of and arising out of the employment.
 
 Vogt
 
 v.
 
 Industrial Commission,
 
 138 Ohio St., 233, 34 N. E. (2d), 197;
 
 Gwaltney
 
 v.
 
 General Motors Corp.,
 
 137 Ohio St., 354, 30 N. E. (2d), 342;
 
 Goodman
 
 v.
 
 Industrial Commission,
 
 
 *183
 
 135 Ohio St., 81, 19 N. E. (2d), 508;
 
 Industrial Commission v. Lambert,
 
 126 Ohio St., 501, 186 N. E., 89;
 
 Industrial Commission v. Franken,
 
 126 Ohio St., 299, 185 N. E., 199.
 

 Was the Court of Appeals correct in reversing the judgment of the Court of Common Pleas on the ground that the record discloses no evidence tending to show an injury accidental in origin and cause in the course of and arising out of the employment?
 

 A careful study of the somewhat difficult record reveals that at the time the plaintiff claims he received this injury he had been in the defendant’s employ approximately thirteen years; that during that period he had performed various kinds of work; that in July 1938 his employment was discontinued; that he was rehired in November of that year; that part of his work was handling and weighing rubber compound; that at other times he handled and sifted lampblack and lampblack dust in bags weighing from 25 to 150 pounds; that on December 19, 1938, he handled several bags of lampblack dust; that these bags were standing on end on the floor; that ordinarily the bags were lifted from a low truck approximately 14 inches high; that it always was necessary to lift the bags to a platform about three feet above the floor; that on this occasion the plaintiff took hold of the largest of the upright bags with his left hand at the bottom and his right hand at the top; that as he lifted the bag he felt a catch or snap in his back; that he then rested for a few minutes because of pain; that he resumed his work and lifted the remaining bags; that he continued at work for an hour and a half until the end of his shift; that he then went to the defendant’s hospital for examination and treatment; that he worked the following three days; and that he then discontinued his employment.
 

 A majority of this court is of the view that the record fails to disclose evidence of an injury accidental in
 
 *184
 
 origin and cause. There was nothing unusual about the plaintiff’s work except the single fact that one end of the upright bags of lampblack dust was somewhat lower than on previous occasions. It is not contended that the bags were lifted to a greater height or that they were heavier, more unwieldy in shape or of different composition. The plaintiff was the only witness of the occurrence, and in his testimony appears the following question and answer:
 

 ‘
 
 ‘
 
 Q. What would you do other nights
 
 1
 
 A. The same thing, the same way.”
 

 The Court of Appeals was correct in reversing the judgment of the trial court and in rendering final judgment for the defendant.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Matthias and Zimmerman, JJ., concur.