*400
 
 By the Court.
 

 The only question in this case is whether there is any evidence to warrant payment of workmen’s compensation.
 

 Claimant testified that he entered the employ of the complying employer in April of 1935 when 18 years of age; that his disability “first developed like sort of a stiff back, but became worse as I worked, around in December 1935, seemed like I had a stiff back at the time”; that he first consulted a physician in March 1936; that he was compelled to leave his work for three days commencing August 22; that his work was changed to inventory clerk; and that he discontinued working on December 11, 1936.
 

 There is no evidence whatever of an injury accidental in origin and cause or of a sudden and unexpected happening at a particular time.
 
 Goodman
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 81, 19 N. E. (2d), 508;
 
 Industrial Commission
 
 v.
 
 Lambert,
 
 126 Ohio St., 501, 186 N. E., 89;
 
 Industrial Commission
 
 v.
 
 Minard,
 
 126 Ohio St., 641, 186 N. E., 708.
 

 Medical testimony was introduced to establish trauma and causal connection. However, such testimony was merely to the effect that claimant’s condition could have been or possibly was the result of trauma. As heretofore held by this court, the proof must establish a
 
 probability
 
 and not a mere
 
 possibility. Drakulich
 
 v.
 
 Industrial Commission,
 
 137 Ohio St., 82, 27 N. E. (2d), 932.
 

 The judgment of the Court of Appeals is reversed and judgment is rendered for the appellant.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.