HOPPER, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

(No. 6207—Decided January 18, 1943.)

*Mr. I. L. Huddle,* for appellee.

*Mr. Thomas J. Herbert,* attorney general, and *Mr. E. A. Schott,* for appellants.

MATTHEWS, P. J. The Industrial Commission disallowed this claim on the ground that the deceased employee's death did not result from an injury received in the course of and arising out of his employment.

On appeal, the Court of Common Pleas found that the claim was compensable.

The decedent was employed as a truck driver, whose regular duties were to deliver a load of refuse to the public incinerator the first thing daily and thereafter to deliver bundles of window shades during the remainder of the workday. It involved manual labor, but as far as the record shows there was no compulsion requiring overstrain, or that there was any overstrain.

The decedent collapsed during the lunch hour while he was away from his employer's premises and while he was preparing to eat his lunch. He died almost instantly. The cause of death was diagnosed as coronary occlusion.

We are advised that the trial court found that the cause of death was exhaustion caused by overwork on a hot day that precipitated the occlusion.

The evidence shows that the temperature varied on that day from 92 degrees to 53 degrees, that decedent's work was outside most, if not all, the time, where he would be subjected to the same heat as all others were, that his manual labor of loading and unloading alternated with periods when he drove the truck from place to place, that he was 62 years old, had worked for the same employer, doing the same kind of work, for many years, and that he was not known to be suffering from any physical ailment or weakness.

Now, for this death to be compensable, it must appear that the cause arose out of the employment. The mere fact that it occurred during the employment is not sufficient. To establish this necessary causal relation between the death and the employment the plaintiff offered evidence that the hand brake on the truck was defective and the rear vision mirror needed

adjustment, and that these combined to require greater physical exertion and also placed a greater nervous strain upon the decedent when he was driving the truck.

The foot brake was in good order and there is not a particle of evidence that the decedent had any occasion during the day to have used the hand brake had it been in perfect order. This leaves the mere consciousness of the fact that the hand brake was defective and the rear vision mirror was not adjusted as the only basis for a claim that the condition of the truck had anything to do with the death. There is no evidence whatsoever that the decedent was conscious of these defects or that they caused him to be nervous or anxious for his own or others' safety.

A careful reading of this record leads us to the conclusion that there is no substantial evidence that there was any causal connection between this employee's death and the employment—that the cause of the coronary occlusion arose out of his employment—and that to hold that there was a causal connection could only be predicated upon speculation and the result of guessing. *Haviland* v. *Industrial Commission,* 135 Ohio St., 545, 21 N. E. (2d), 658; *Vogt* v. *Industrial Commission,* 138 Ohio St., 233, 34 N. E. (2d), 197; *Cordray* v. *Industrial Commission,* 139 Ohio St., 173, 38 N. E. (2d), 1017; *Matczak* v. *Goodyear Tire & Rubber Co.,* 139 Ohio St., 181, 38 N. E. (2d), 1021; and *Pfister* v. *Industrial Commission,* 139 Ohio St., 399, 40 N. E. (2d), 671.

A physician testified that there was a causal relation, but the material elements of the hypothesis upon which the opinion was predicated are not supported by any substantial evidence, and for that reason the opinion has no probative value.

We shall make no attempt to state a rule based on

the phrase occasioned "in the course of such workmen's employment" used in Section 35 of Article II of the Ohio Constitution. The Supreme Court, commencing with *Fassig* v. *State,* 95 Ohio St., 232, has said in many cases that it is synonymous with "Arising out of and in the course of the employment." Nor shall we attempt to explore the meaning of the Supreme Court's synonym beyond the necessities of this case.

In 28 Ruling Case Law, 797, Section 89 *et seq.,* it is said:

" 'If the injury can be seen    *    *    *    to have been contemplated by a reasonable person familiar with the whole situation    *    *    *    then it arises "out of" the employment    *    *    *. The causative danger must be peculiar to the work, and not common to the neighborhood.    *    *    *    It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.' Other courts have at times given their approval of this definition as a whole, and at other times have contented themselves with parts only, as that the 'causative danger' must have been 'peculiar to the work,' or the like. In some instances the approving courts have made their decisions turn upon the question whether 'the injury can be seen    *    *    *    to have been contemplated.' ''

On the evidence we are of the opinion that there is no more reason to think that the conditions, activities, environment or any other circumstance of his employment had anything to do with this employee's death than the conditions, activities and environment surrounding him and all others at the time and place. The mind is not inclined. It is not led to a conclusion.

There is a failure of proof that his death arose out of his employment.

For these reasons, the judgment is reversed and final judgment entered for the defendant.

*Judgment reversed.*

Ross, J., concurs.