By the Court.
 

 The appellee herein applied for an award under the Workmen’s Compensation Act for
 
 *390
 
 “injury” causing “over taxation of the nerves, awful soreness, suffering great pain and agony,” alleged to have been sustained in the course of and arising out of his employment while working for a contributor to the state insurance fund.
 

 Such claim was disallowed by the Industrial Commission, but a favorable judgment was secured upon appeal to the Court of Common Pleas, which was affirmed by the Court of Appeals, one judge dissenting.
 

 The case is here following the allowance of the motion for certification.
 

 It appears from the bill of exceptions that in the performance of his work the appellee was required, over a period of about three months, to use a heavy pneumatic air hammer while occupying a cramped position. He testified that while he was so working on November 7, 1941, “I broke down
 
 *
 
 *
 
 *.
 
 Something took hold of me. I thought it was rheumatism.” And that is the only unusual occurrence at a particular time, disclosed by the record.
 

 Appellee’s physician testified that X-ray pictures taken of the appellee showed some arthritis in the hip joint and a small area of calcification further down. Pie refused to state that the cramped position in which the appellee performed his work would have produced the arthritis, but did say that arthritis can be “set off” by an injury.
 

 The difficulty with the present case is that appellee failed to show an accidental injury aggravating or accelerating a pre-existing disease, which would entitle him to benefits under the Workmen’s Compensation Act.
 

 This court, in the first paragraph of the syllabus of the recent case of
 
 Malone
 
 v.
 
 Industrial Commission,
 
 140 Ohio St., 292, 43 N. E. (2d), 266, held:
 

 “The term ‘injury’ as used in the Constitution and in Section 1465-68, General Code (117 Ohio Laws, 109),
 
 *391
 
 as amended effective July 10, 1937, comprehends a physical or traumatic damage or harm, accidental in its character in the' sense of being thp result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place.”
 

 It will be readily seen that nothing occurred to the appellee within the purview of such statement which would constitute an accidental injury.
 

 We regret the necessity of overturning the favorable judgments secured by the appellee in the lower courts, but we must perforce recognize that the Workmen’s Compensation Act does not afford the same protection as a general health and accident insurance policy, and that a workman claiming compensation under the act', must show a situation bringing him within its terms. No such showing having been made in the present case, the judgment of the Court of Appeals is reversed and final judgment rendered for the Industrial Commission.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Bell, Williams, Matthias and Hart, JJ., concur.