MOSKELL, APPELLEE, *v*. INDUSTRIAL COMMISSION OF
OHIO, APPELLANT.

(No. 873—Decided May 17, 1951.)

*Mr. Thomas F. Joseph,* for appellee.

*Mr. C. William O'Neill,* attorney general, *Mr. Chalmers P. Wylie* and *Mr. Leander P. Zwick, Jr.,* for appellant.

PHILLIPS, J. In this opinion the parties will be called plaintiff and defendant.

Defendant, the Industrial Commission of Ohio, appealed to this court on questions of law from a judgment of the Court of Common Pleas entered upon a finding of a judge of that court (to whom the cause was submitted by agreement of counsel) in favor of plaintiff, on plaintiff's appeal to that court from defendant's order denying plaintiff the right, on rehearing of his claim, to participate in the workmen's compensation fund of Ohio on the ground that ''proof

of record fails to show that claimant's disability is the result of an injury sustained in the course of and arising out of employment."

By assignments of error, defendant contends that "the Court of Common Pleas erred in overruling the motion of defendant for a judgment in its favor; erred in overruling the motion of the defendant for a new trial"; that "the finding of the court and the judgment entered thereon are contrary to the weight of the evidence" and "contrary to law"; and that there are "other errors apparent on the face of the record."

On October 21, 1947, plaintiff, since 1942 an employee of the Y & O Coal Company, a corporation amenable and contributing to the workmen's compensation fund of Ohio, was laying track in the north entry of the coal company's Dorothy mine, where he was employed and had worked for some five years under conditions similar to those under which he worked that day. On that day plaintiff worked in cold water deep enough in places to run into and fill his rubber boots, necessitating emptying them several times.

Plaintiff alleged, and introduced medical testimony and other evidence to prove that as the direct and proximate result of working under such conditions the blood vessels of his legs were injured and swelled suddenly, which swelling was accompanied by acute pain; that he suffered from arthritis and injury to his heart and aggravation of an existing arthritic and heart condition, which disabled him permanently; and that his attendant physical injuries were causally related to his exposure on October 21, 1947.

Plaintiff's medical witness testified:

"It is my opinion that that exposure and the exposure to cold injured the blood vessels in his legs, causing the impaired circulation through the extremi-

ties, accentuating, precipitating or aggravating the arthritis in his knees. * * *

"At the time I examined Mr. Moskell, I found that he had a definite endarteritis disease involving particularly the left leg.

"It is my opinion that this was caused by the injury to the blood vessels sustained by the exposure to cold. That injury to his blood vessels also affected adversely or caused or precipitated or aggravated arthritis in his knees, causing swelling in those knees and by the general effect upon Mr. Moskell's bodily economy, it caused damage to or accentuated what damage he may have had to the heart and blood vessels throughout his body and caused the symptoms of arthritis throughout his body, as I found at the time of my examination."

Upon cross-examination plaintiff's physician testified as follows:

"Q. Doctor, you feel that this exposure on this one day then was the straw that broke the camel's back? Is that correct? A. From the facts given to me in the hypothetical question, I must express that opinion."

Plaintiff testified, *inter alia*, as follows:

"Q. Was there any difference in the water in this entry on that day, than water other days? I mean, on this particular day, was the water any different? A. No.

"Q. Was the water cold all the time? A. All the time cold. * * *

"Q. You say, Mr. Moskell, that there is usually water in these different entries, is that right? A. Yes.

"Q. How long a period had there been water in there that you worked there? How long had that continued? A. All the time.

"Q. That is before October, too? A. Before October, yes.

"Q. Before October of 1947? A. 1947. * * *

"Q. Did you work in those places then when the water was anywhere from two to three inches to three feet deep? A. Yes, I working, sure.

"Q. At the time you were working—before you were working in those places, before October in 1947, did you get water in your boots then, too? A. Sure.

"Q. Was the water cold? A. Yes.

"Q. How deep was the water? A. About two, three feet deep. * * *

"Q. Had that happened before, this water, and had you worked in it? A. Yes. * * *

"Q. Was the water cold, Mr. Moskell, all the time when you were working in it? A. Cold all the time, get cold, wind, cold water, cold everything. * * *

"Q. Did you work eight hours regularly, before October of 1947, Mr. Moskell? A. Yes. * * *

"Q. Yes, go ahead. A. See, that time, that one time, my knees swell, and *jag me like needle, one time.*

"Q. On that day, were the conditions—that is, was the water any different from what it had been in the past, or was it about the same? A. Water one place, got deeper water one place, about foot, two foot. * * *

"Q. Was the water cold, Mr. Moskell, all the time you were working in it? A. Cold all the time, got cold, wind, cold water, cold everything." (Emphasis added.)

By brief defendant contends:

"The sole issue in this case is whether or not there is competent and sufficient evidence adduced in the record to show that claimant sustained an injury in the course of and arising out of his employment within the meaning of the Workmen's Compensation Law of Ohio."

In support of its contention that plaintiff's injury was not sustained in the course of and did not arise

out of his employment within the meaning of the Workmen's Compensation Act, defendant discussed the origin and constitutionality of that act, defined a compensable injury, quoted portions of the Ohio Constitution, and reviewed the following cases, with all of which of course, like the Supreme Court and counsel for the respective parties, we are thoroughly familiar and have reconsidered in arriving at our conclusions. The cases cited are: *Industrial Commission* v. *Franken,* 126 Ohio St., 299, 185 N. E., 199; *Industrial Commission* v. *Lambert,* 126 Ohio St., 501, 186 N. E., 89; *Goodman* v. *Industrial Commission,* 135 Ohio St., 81, 19 N. E. (2d), 508; *Gwaltney, a Minor,* v. *General Motors Corp.,* 137 Ohio St., 354, 30 N. E. (2d), 342; *Vogt* v. *Industrial Commission,* 138 Ohio St., 233, 34 N. E. (2d), 197; *Cordray* v. *Industrial Commission,* 139 Ohio St., 173, 38 N. E. (2d), 1017; *Matczak* v. *Goodyear Tire & Rubber Co.,* 139 Ohio St., 181, 38 N. E. (2d), 1021; *Malone* v. *Industrial Commission,* 140 Ohio St., 292, 43 N. E. (2d), 266; *Maynard* v. *B. F. Goodrich Co.,* 144 Ohio St., 22, 56 N. E. (2d), 195; *Reynolds* v. *Industrial Commission,* 145 Ohio St., 389, 61 N. E. (2d), 784; *Nelson* v. *Industrial Commission,* 150 Ohio St., 1, 80 N. E. (2d), 430; and *Gerich* v. *Republic Steel Corp.,* 153 Ohio St., 463, 92 N. E. (2d), 393, in which latter case the judgment of this court was reversed.

To support his position that plaintiff was entitled to participate in the workmen's compensation fund, and that the judgment of the Court of Common Pleas should be affirmed, plaintiff cited the following cases, some of which dealt with the question of hazard, with all of which we, like the Supreme Court and counsel for the respective parties, are also familiar. *Industrial Commission* v. *Polcen,* 121 Ohio St., 377, 169 N. E., 305; *Industrial Commission* v. *Franken, supra; Spicer*

*Manufacturing Co.* v. *Tucker,* 127 Ohio St., 421, 188 N. E., 870; *Industrial Commission* v. *Carden,* 129 Ohio St., 344, 195 N. E., 551; *Goodman* v. *Industrial Commission, supra;* *Kaiser* v. *Industrial Commission,* 136 Ohio St., 440, 26 N. E. (2d), 449; *Cordray* v. *Industrial Commission, supra;* *Metczak* v. *Goodyear Tire & Rubber Co., supra;* *Maynard* v. *B. F. Goodrich Co., supra;* *Reynolds* v. *Industrial Commission, supra;* *Sebek* v. *Cleveland Graphite Bronze Co.,* 148 Ohio St., 693, 76 N. E. (2d), 892; *Nelson* v. *Industrial Commission, supra;* *Jones* v. *Industrial Commission,* 60 Ohio App., 465, 21 N. E. (2d), 1014; and *Board* v. *Industrial Commission* (unreported), No. 673, Court of Appeals for Columbiana county.

The trial judge bottomed his decision that plaintiff was entitled to participate in the workmen's compensation fund in part upon the case of *Jones* v. *Industrial Commission, supra,* in the second paragraph of the syllabus of which it is said:

"An employee, who [as in the case we review], while performing work for his employer, is exposed to a special or peculiar danger from the elements which is greater than that to which other persons in the community are exposed, and from which an unexpected and unforeseen disablement results which is causally connected with the conditions of employment, is accidentally injured within the purview of the Workmen's Compensation Law."

Paragraphs two, three and four of the syllabus in the case of *Malone* v. *Industrial Commission, supra,* are as follows:

"When, in connection with an intentional act on the part of a workman which precedes an injury to him, something unforeseen, unexpected, and unusual occurs which produces the injury or from which the injury results, it is accidental in character and result.

"When an employee, by reason of the activities, conditions and requirements of his employment, is subjected to a greater hazard than are the members of the general public, and he is accidentally injured thereby, a causal connection between the employment and his injury is established.

"Heat exhaustion, suddenly and unexpectedly suffered by an employee as a result of the circumstances and requirements of his employment subjecting him to a greater hazard than that to which members of the general public are subjected, in this case by reason of working in a superheated foundry resulting in his death within twelve hours after the attack, constitutes an accidental traumatic injury under the Workmen's Compensation Act of this state."

In the opinion in the case of *Nelson* v. *Industrial Commission, supra,* on page 12, Stewart, J., speaking for the court, said:

"The second paragraph of the syllabus in the *Sebek case* is as follows. [*Sebek* v. *Cleveland Graphite Bronze Co.,* 148 Ohio St., 693]:

" 'An injury occurs in the course of and arises out of employment within the contemplation of the Ohio Workmen's Compensation Act, if the injury followed as a natural incident of the work and as a result of exposure occasioned by the nature, conditions or surroundings of the employment.'

"On page 696 of the opinion, Judge Zimmerman quoted with approval the definition of injury contained in the first paragraph of the syllabus in the *Malone case* and said:

" 'This court has held in a number of cases that bodily harm, which occurs to a workman by the sudden, unexpected and unforeseen inhalation of noxious or poisonous gases or fumes, or by contact with a a poisonous substance, constitutes a compensable in-

jury within the meaning of the provisions of the Workmen's Compensation Act of Ohio. In such a situation, compensation is awarded on the basis of the injury and not for the 'disability or disease which may be attributable thereto.' ''

We are particularly impressed with the clarity and soundness of the reasoning found in the opinions written in those three cases. Applying the law announced therein to "the peculiar facts of the individual case" we review, which as Turner, J., said in the case of *Cordray* v. *Industrial Commission, supra,* in quoting from *Goodman* v. *Industrial Commission, supra,* ''are largely controlling,'' we conclude that the law announced in those cases controls in the instant case, and that the trial judge did not err to defendant's prejudice in any of the respects urged by defendant.

Defendant's counsel have neither called our attention to ''other errors apparent on the face of the record,'' alleged as a ground of error, nor complied in respect thereto with the provisions of Rule VII of this court that his briefs ''shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon.'' Accordingly we will not pass upon this assigned ground of error.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

GRIFFITH, J., concurs.

NICHOLS, P. J., concurs in judgment.