Morrissey, Appellee, *v.* Industrial Commission of Ohio, Appellant.

(No. 5089—Decided November 1, 1954.)

*Mr. R. Brooke Alloway,* for appellee.
*Mr. C. William O'Neill,* attorney general, *Mr. Paul Tague, Jr.,* and *Mr. Van Blanchard,* for appellant.

Hornbeck, J. This appeal on questions of law is from a judgment entered on a verdict of a jury finding that the plaintiff is entitled to participate in the Workmen's Compensation Fund by reason of an injury sustained in the course of and arising out of her employment while in the employ of an employer who was a contributor to the fund.

Three errors are assigned: That the verdict and judgment are contrary to law and the evidence, against the manifest weight thereof, and that the court erred in not granting the motion of defendant for judgment in its favor notwithstanding the verdict of the jury.

On and prior to December 7, 1949, for 35 days, plaintiff was an employee of the R. G. Barry Company of Columbus as a seamstress. On the 5th or 6th of December she was assigned to work other than that on which she had theretofore been employed, the sewing of footwear called "booties." The material upon which she worked was corduroy and, in the process of sewing, a great deal of lint was caused to rise from the material, which spread over her clothing, face and head. It is also said that the material had a very strong and unusual odor, but whether this was a causative factor of the injury of which the plaintiff complains cannot be determined from the evidence. Plaintiff testified that as soon as she began work she noticed that her nose and chest were stuffed up, that her breathing was difficult, and that her eyes and nose were watery. When she blew her nose there was a faint pinkish discharge. The "booties" were of a dark red color, and we presume that the inference to be drawn from the discharge was that this coloring matter, in part, was transmitted to the nasal passages.

On the second night of her employment, fixed by her as the 7th of December, after she had left work, plaintiff says that her lungs were very full and congested, and that she could hardly breathe. She reported this condition to her physician and was ordered to bed. The diagnosis of her doctor was that she had possible pneumonitis of the lower right lobe and bronchitis. An examination about two weeks later disclosed that she also had a very rapid heartbeat. She was hospitalized from January 24, 1950, to February 11, 1950. Her condition was diagnosed, upon her admission, as acute upper respiratory infection.

Two doctors who had treated plaintiff testified as to her condition and answered hypothetical questions which were propounded to them. In answer to these

questions, neither doctor said that the condition from which she suffered was probably the result of the inhalation of the lint on the 6th and 7th of December. Both said that it could possibly so result.

Plaintiff testified that she had been well prior to the occurrence which occasioned her illness, although one of her doctors, Dr. Vincent, said that the infection which he found when she came to the hospital was of long standing. If this be true, and if the breathing of the lint was a causative factor of her injury, the trial judge was correct in charging the jury that it might consider whether the injury resulted in aggravation of a prior physical condition. This charge is the subject of one of the assignments of error.

Defendant urges that the plaintiff did not sustain an accidental injury within the meaning of the Workmen's Compensation Act; that the hypothetical questions were improper in that they contained hypotheses not supported by the record; and that there is no medical evidence sufficient to causally relate plaintiff's disability to the alleged injury.

Respecting the hypothetical questions, it is urged that certain effects of the breathing of the lint were stated therein as having occurred on the 7th of December while plaintiff was at work, when, in fact, they were noticed at night after she had returned to her home. We have examined the question and find that the statement of the plaintiff of the conditions which she observed during the time she was at the factory were substantially those carried into the question. We are satisfied that no prejudicial error could have resulted to the defendant in permitting the hypothetical questions to be answered as framed. There was no such variation from material facts as to mislead the experts who answered or the jury in the consideration of the answers given. One of the questions as

to assumed facts is almost identical with that put to the doctor who testified for the commission.

It is urged that the answers of the doctors to the hypothetical questions produced only a possibility that the injury complained of resulted as contended by plaintiff. If the testimony of the doctors was restricted exclusively to their answers to the hypothetical questions, the proof would not have been sufficient to support the verdict. *Drew* v. *Industrial Commission,* 136 Ohio St., 499, 26 N. E. (2d), 793; *Aiken* v. *Industrial Commission,* 143 Ohio St., 113, 53 N. E. (2d), 1018; *Pfister* v. *Industrial Commission,* 139 Ohio St., 399, 40 N. E. (2d), 671.

But from an examination of the testimony of the doctors at more length, in conjunction with that of the plaintiff, as to her inhalation of the lint and its subsequent effects, we are of the opinion that, whether the proof on the whole established a probability that the illness complained of was the result of an injury suffered by the plaintiff in the course of her employment, was a question for the jury.

If the testimony of plaintiff is true, the order of the occurrences at the plant and the claimed sequential results were such as are so commonly observed, and covered such a limited period of time, that independent and intervening causes were practically ruled out and lay testimony was probative of the issue of the injury and its causal effect. *Village of Shelby* v. *Clagett,* 46 Ohio St., 549, 22 N. E., 407, 5 L. R. A., 606; *Boze* v. *Industrial Commission,* 32 Ohio Law Abs., 238; *McDonald* v. *Great Atlantic & Pacific Tea Co.,* 34 Ohio Law Abs., 380.

The doctors who testified for the plaintiff said that the inhaling of the lint under the circumstances appearing could have caused the subsequent physical condition of which plaintiff complained. The doctor

for the defendant said it could not be so caused. The lay testimony was of some effect in assisting the jury in determining the probable cause of the injury.

There is a marked difference between the character of proof here of the causal result of the claimed injury and that found in the cases which have held that such proof was in the field of scientific knowledge and could not be forthcoming from lay witnesses.

In *Aiken* v. *Industrial Commission, supra,* the claim was that the death of the workman from acute myocarditis was attributable to a knee injury which had occurred six years before. In *Drew* v. *Industrial Commission, supra,* the question was whether an injury from a fall caused partial paralysis. In *Drakulich* v. *Industrial Commission,* 137 Ohio St., 82, 27 N. E. (2d), 932, the issue was whether an injury to the workman's back resulted in his subsequent death from cancer of the liver. Judge Hart, in the opinion in that case, said:

"Even if there had been such evidence [that of lay witnesses], it would not have been sufficient to establish the fact of causal connection. This issue presented a field of scientific inquiry * * * [which] could not possibly be within the knowledge of lay witnesses * * *."

The doctor who testified for the defendant insists that the plaintiff did not suffer an accidental injury. Judge Hart, in *Malone* v. *Industrial Commission,* 140 Ohio St., 292, 43 N. E. (2d), 266, so completely covers the cases in Ohio treating of traumatic injury that for us to attempt to do so would be merely repetition, and probably not as effective. The *Malone case* also discusses the addendum to Section 1465-68, General Code (117 Ohio Laws, 109), which reads as follows:

"The term 'injury' as used in this section and in the Workmen's Compensation Act shall include any

injury received in the course of, and arising out of, the injured employee's employment.''

The *Malone case* clearly holds that the amendment broadened the meaning of the term, ''injury,'' as theretofore found in Section 1465-68, General Code. The concurring opinion of Judge Matthias, concurred in by Judge Turner, gives even greater scope to the meaning of the addendum than does the majority opinion. The *Malone case* and *Maynard* v. *B. F. Goodrich Co.*, 144 Ohio St., 22, 56 N. E. (2d), 195, in our judgment, support the conclusion of the trial judge that the question whether plaintiff had suffered an accidental injury was one for the determination of the jury.

We find no error assigned well made. The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and MILLER, J., concur.