Per Curiam.

The sole question in this case is whether under the above facts the claimant received an injury compensable under the Workmen’s Compensation Act.
A similar state of facts was considered in Matczak v. Goodyear Tire & Rubber Co., 139 Ohio St., 181, 38 N. E. (2d), 1021. In that case the employee was lifting bags a distance of some 14 inches more than was customarily required, when he suffered his alleged injury. In the opinion in that case it is said: “In numerous cases this court has held that to come within the purview of the provisions of the Constitution and statutes of Ohio relating to workmen’s compensation an injury must be accidental in origin and cause, i. e., it must result from a particular, sudden and unexpected happening in the course of and arising out of the employment.” The court held that the injury sustained by the employee was not accidental and thus not compensable.
There is no evidence in the present case of any sudden mishap or happening causing injury to claimant. He was performing his usual work in the customary manner. The only unusual thing about his work on the day of the claimed injury was that he was lifting liners a somewhat greater distance than he usually did.
This is not a sudden mishap or happening upon which a claim for workmen’s compensation may be based.
To establish a right to workmen’s compensation, it must be shown that the injury is physical or traumatic in character and a result of external and accidental means occurring at a time when the employee was in the course of his employment. See Dripps v. Industrial Commission, ante, 407. Since there is no evidence in the present case that the injury resulted from a sudden mishap or by accidental means, claimant has failed to establish his right and is not entitled to workmen’s compensation.
The judgments of the Court of Appeals and the Court of *414 Common Pleas are reversed, and final judgment is rendered for defendant.

Judgment reversed.

Weygandt, C. J., Matthias, Stewart, Bell and Taet, JJ., concur.
Hart, J., concurs in the judgment.