Piper, Appellant, *v.* Young, Admr., Bureau of Workmen's Compensation, et al., Appellees.*

(No. 6938—Decided July 31, 1962.)

*Messrs. Solsberry & Ketcham* and *Mr. Thomas Erlenbach,* for appellant.

*Mr. Mark McElroy,* attorney general, and *Mr. Alvin C. Vinopal,* for appellees Administrator of the Bureau of Workmen's Compensation and the Industrial Commission.

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Russell Herrold,* for appellee General Motors Corporation, Ternstedt Division.

---

*Motion to certify the record overruled (37842), December 26, 1962.

*Per Curiam.* This is an appeal on questions of law in which plaintiff, Mabel Piper, is the appellant and defendants, James L. Young, Administrator of the Bureau of Workmen's Compensation, the Industrial Commission of Ohio and General Motors Corporation, Ternstedt Division, are the appellees.

The appeal is from a judgment of the court below in which, at the close of all the evidence, the court directed a verdict in favor of the defendants and subsequently overruled motions of the plaintiff for judgment notwithstanding the verdict and for a new trial.

Plaintiff, in her petition, alleges that she was employed as a rivet-machine operator by the General Motors Corporation, Ternstedt Division, on October 15, 1957, and that on that date she went to a rivet bin to obtain a supply of rivets and placed approximately ten pounds of rivets in "a cardboard box approximately eighteen inches long, twelve inches wide and six inches deep."

The petition continues:

"After plaintiff had bent over the rivet bin, and had placed approximately three handfuls of rivets, to a weight of approximately ten pounds, into the cardboard box, plaintiff picked the carton up, at which time the weight of the rivets shifted, throwing plaintiff off balance, plaintiff felt a catch in her back during the course of this off-balance movement, in the area of her low back, more on the right side, at which time plaintiff fell forward into the rivet tub * * *."

Four errors are assigned, which are as follows:

"1. The trial court erred in removing this cause from the consideration of the jury and in directing the jury to return a verdict in favor of defendants-appellees, and in then and there awarding judgment for the defendants-appellees.

"2. The court erred in overruling plaintiff-appellant's motion for a new trial.

"3. The court erred in overruling plaintiff-appellant's motion for judgment notwithstanding the verdict.

"4. Other errors apparent on the face of the record."

As above noted, the date of the alleged injury was October 15, 1957. Thereafter, application for compensation was filed on February 10, 1958, was disallowed by the Administrator of the Bureau of Workmen's Compensation on September 24,

1958, was allowed by the Columbus Regional Board of Review on July 2, 1959, but was rejected by the Industrial Commission on March 24, 1960. Thereafter, notice of appeal was filed with the Common Pleas Court of Franklin County on May 13, 1960, and with the Industrial Commission on May 14, 1960.

Effective November 2, 1959, Section 4123.01, Revised Code, was amended, thereby changing the definition of compensable injury as interpreted by the Supreme Court of Ohio in the cases of *Dripps* v. *Industrial Commission* (1956), 165 Ohio St., 407; *Artis* v. *Goodyear Tire & Rubber Co.* (1956), 165 Ohio St., 412; and *Davis* v. *Goodyear Tire & Rubber Co.* (1959), 168 Ohio St., 482. The same General Assembly amended Section 4123.519, Revised Code, to provide in part as follows:

"The provisions of this section shall apply to all decisions of the commission the administrator or a regional board of review on the effective date of this act and all claims filed thereafter shall be governed by the provisions of Sections 4123.512 to 4123.519, inclusive, of the Revised Code.

"Any action pending in Common Pleas Court or any other court on the effective date of this act under Section 4123.519 of the Revised Code shall be governed by the terms of this act."

This court heretofore sought to apply the amended statutes above referred to according to the language therein contained. We applied the legislative changes to an action pending in the Common Pleas Court at the time of such amendments, with all three members of the court concurring. That decision was not upheld when the case was appealed to the Supreme Court of Ohio. See *Hearing* v. *Wylie, Admr., Bureau of Workmen's Compensation* (March 21, 1962), 173 Ohio St., 221. In that case, in an opinion by Bell, J., Section 4123.519, *supra,* was held invalid and unconstitutional on the ground that it was retroactive in operation and violated the provisions of Section 28, Article II of the Constitution of Ohio. The opinion by Bell, J., was concurred in by four other members of the court, with two of the judges dissenting.

On the face of it, it would appear that the majority decision only received concurrence of five members of the court, whereas six members are required to concur in order to hold a statute unconstitutional. Section 2, Article IV of the Constitution of Ohio, reads in part as follows:

"No law shall be held unconstitutional and void by the Supreme Court without the concurrence of at least all but one of the judges, except in the affirmance of a judgment of the Court of Appeals declaring a law unconstitutional and void."

However, we shall give no further consideration as to the effect of the decision in the *Hearing case, supra,* for the reason that counsel for plaintiff have stipulated and agreed that the new law does not apply, stating in their brief, as follows:

"To eliminate any further confusion, we agree with the defense that this case must be decided under the 1955 Workmen's Compensation Act and the interpretations placed thereon by the Ohio courts and, this case is not affected by the 1959 amendments as they relate to a definition of a compensable injury."

Counsel for plaintiff in their brief make the following statement:

"Now, as to the second branch of defendant's motion for a directed verdict, the defense offered as citations, and the trial court followed the doctrines laid down in the following cases: *Dripps* v. *Industrial Commission,* 165 Ohio St., 407; *Artis* v. *Goodyear Tire & Rubber Co.,* 165 Ohio St., 412; *Stewart* v. *Young, Administrator,* 112 Ohio App., 433; *Gwaltney* v. *General Motors Corp.,* 137 Ohio St., 354; *Carbone* v. *General Fireproofing,* 169 Ohio St., 258."

It apparently is the theory of counsel for plaintiff that the use of a cardboard box instead of a round quart-size can with a handle on the side and the shifting or moving of the rivets are important and significant factors which, with other factors, entitle plaintiff to receive compensation.

We find ourselves unable to agree. As we see it, the moving or shifting of the rivets to one side of the cardboard box at most made the box unexpectedly difficult to handle and had the same effect as though it had become suddenly and unexpectedly heavy. As we understand the decisions of the Supreme Court of Ohio, the law is the other way. We shall refer to a few cases which we believe are in point.

In the *Dripps case, supra,* the court, at page 409, said:

"However, the mere exertion of a greater effort than is ordinarily used or being subjected to some extraordinary strain is not in and of itself sufficient to give rise to a right to compen-

sation; to warrant compensation the need for such strain or effort must be shown to have resulted from some sudden, unusual and unexpected occurrence or some sudden specific mishap or event.''

In the *Artis case, supra,* the employee was stacking re-roll liners to a height of approximately seven feet instead of the usual five feet and, while so doing, hurt his back. Participation in the State Insurance Fund was denied.

In the *Gwaltney case, supra,* the employee was using a wrench to tighten bolts on the frame of an automobile, when the wrench slipped. Again, participation was denied.

In the *Carbone case, supra,* a heavy metal plate, which the employee moved from a bench, turned out to be heavier than anticipated. No participation was permitted.

In the *Davis case, supra,* the employee, a tire builder, aggravated a pre-existing back injury in trying to break loose a tire which had stuck to the bottom of a drum. Again, no participation was allowed.

In *Maynard* v. *B. F. Goodrich Co.* (1944), 144 Ohio St., 22, the employee helped lift a roll of fabric weighing between 500 and 600 pounds, and the court denied the plaintiff's claims, citing two earlier lifting cases—*Industrial Commission* v. *Franken* (1933), 126 Ohio St., 299, and *Matczak* v. *Goodyear Tire & Rubber Co.* (1942), 139 Ohio St., 181.

In view of the cases above cited, we find ourselves in agreement with the action taken by the trial court, and we conclude that none of the assigned errors is well taken. Accordingly, all such assigned errors are overruled, and the judgment of the court below is affirmed.

*Judgment affirmed.*

DUFFEY, P. J., BRYANT and DUFFY, JJ., concur.