Hart, J.
 

 The chief question to be decided in this case is whether heat prostration, suffered by a workman as a result of contact with artificial heat incident to his employment and causing his death, is a com
 
 *295
 
 pensable injury under the Workmen’s Compensation Act.
 

 Article II, Section 35 of the Constitution, provides, ■among other things, that: “For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed * #
 

 Pursuant to this constitutional provision, the Legislature of this state enacted Section 1465-68, General Code, which provides that every employee, as defined by the statute, who is injured in the course of employment, provided the same was not purposely self-inflicted, shall be paid compensation out of the state insurance fund for loss sustained on account of such injury in accordance with the provisions of the Workmen’s Compensation Act. Neither the Constitution, nor the statute in its original form, undertook to define the term “injury,” except that it must occur “in the course of employment,” and this responsibility fell to the courts.
 

 Immediately upon the statute becoming effective, the courts were confronted with the problem of determining the scope of the.term “injury” as related to employment. In the early cases decided by this court it was determined that compensation could be awarded only for accidental and traumatic injuries. It appears that these elements of the definition of compensable injury came into the cases'through the effort of the courts to distinguish an injury by accident from an injury through disease, made necessary by the fact that the latter is not compensable unless caused by a compensable hurt or injury, both kinds of disability, however, being comprehended within the general term ‘1 injury. ’ ’
 

 In the case of
 
 Renkel
 
 v.
 
 Industrial Commission,
 
 109 Ohio St., 152, 156, 141 N. E., 834, this court said:
 

 
 *296
 
 “Though the word ‘accident’ is not used in our-statute, nor in the constitutional provision referred to,, nor the word ‘accidental’ in connection with the word ‘injury,’ yet it seems clear that the distinction of ‘injury’ from ‘occupational disease,’ as made both in the constitutional provision and statutory enactment, warrants the conclusion that ‘disease’ is not included in the term ‘injury,’ and that compensation may be awarded for incapacity by reason of disease only where it is shown that the disease was caused by or is the result or consequence of a compensable injury, such as, for instance, the development of blood poison from a wound upon the body of the employee inflicted in the course of employment.”
 

 The courts also determined that in enacting the Workmen’s Compensation Act, the Legislature meant to provide compensation for only such injuries as “arose out of the employment.” That is, the injury must be such as is suffered through and because of the employment. There must be a causal connection between the employment and the injury. To permit compensation for injuries which did not directly result from the activities of the employment would result in an improper invasion of the state insurance fund, which is conserved for the benefit of workmen injured or killed through the hazards of their employment. Furthermore, to allow compensation for injuries which may have occurred in the course of the employment, but which did not arise out of or have relation to the employment, would probably contravene constitutional rights of employers in being required to contribute to the insurance fund to cover injuries for which they were in no way responsible.
 
 Fassig
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 247, 116 N. E., 104. Hence, for reasons here stated, there was early incorporated in the definition of “compensable injury” the limitation that the injury must
 
 *297
 
 foe accidental and traumatic in origin, and arise out of the employment.
 

 At this point, it is proper to observe that the Legislature amended Section 1465-68, General Code (117 ■Ohio Laws, 109), effective July 10, 1937, by the addition of the following paragraph:
 

 “The term
 
 ‘injury’
 
 as used in this section and in ■the Workmen’s Compensation Act shall include
 
 any injury
 
 received in the course of, and arising out of, the injured employee’s employment.” (Italics ours.)
 

 Since the claim of the plaintiff in this case arose •after the effective date of the amendment of the statute as above set out, and since the main controversy in this case is whether plaintiff’s decedent suffered a compensable injury under the statute as it now exists, it becomes appropriate for this court to reexamine the •essential elements of a compensable injury and redefine them if necessary.
 

 This court has heretofore defined the term “compensable injury” as used in the Workmen’s Compensation Act many times. A composite definition deduced from the cases may be stated as follows:
 

 The term “injury,” as used in the Constitution and the Workmen’s Compensation Act shall comprehend a physical or traumatic injury, accidental in its origin and cause; the result of a sudden happening occurring by chance, unexpectedly, and not in the usual course of ■events, at a particular time.
 
 Industrial Commission
 
 v.
 
 Both,
 
 98 Ohio St., 34, 129 N. E., 172, 6 A. L. R., 1463;
 
 Industrial Commission
 
 v.
 
 Cross,
 
 104 Ohio St., 561, 136 N. E., 283;
 
 Renkel
 
 v.
 
 Industrial Commission, supra; Industrial Commission
 
 v.
 
 Russell,
 
 111 Ohio St., 692, 146 N. E., 305;
 
 Industrial Commission
 
 v.
 
 Franken,
 
 126 Ohio St., 299, 302, 185 N. E., 199;
 
 Goodman
 
 v.
 
 Industrial Commission,
 
 135 Ohio St., 81, 19 N. E. (2d), 508;
 
 Vogt
 
 v.
 
 Industrial Commission,
 
 138 Ohio St., 233, 234;
 
 Industrial Commission
 
 v.
 
 Polcen,
 
 121 Ohio St.,
 
 *298
 
 377, 169 N. E., 305;
 
 Industrial Commission v. Palmer,
 
 126 Ohio St., 251, 185 N. E., 66;
 
 Spicer Mfg. Co.
 
 v..
 
 Tucker,
 
 127 Ohio St., 427, 188 N. E., 870;
 
 Gwaltney
 
 v.
 
 Industrial Commission,
 
 137 Ohio St., 354, 30 N. E. (2d), 342;
 
 Cordray
 
 v.
 
 Industrial Commission,
 
 139 Ohio St., 173, 38 N. E. (2d), 1017;
 
 Matczak
 
 v.
 
 Goodyear Tire & Rubber Co.,
 
 139 Ohio St., 181, 38 N. E. (2d), 1021;
 
 Shea
 
 v.
 
 Youngstown Sheet & Tube Co.,
 
 139 Ohio St., 407, 40 N. E. (2d), 669.
 

 From a careful examination and review of the opinions of the several Courts of Appeals of this state, it appears that a diversity of opinion has arisen as to-the interpretation to be given to the language or phrase “accidental in its origin and cause.” Some-courts construe it to include injuries accidental in character and result, while others hold it to mean that injuries are accidental only when produced or caused by accidental means.
 
 Matczak
 
 v.
 
 Goodyear Tire & Rubber Co., supra.
 

 The fact is that scores of compensable accidental injuries result where no accidental circumstance precedes or causes them. Many such injuries have been, recognized as compensable by this court. For example, hernia caused by the strain of coughing, superinduced, by the presence of usual and ever present fumes
 
 (Industrial Commission
 
 v.
 
 Polcen,
 
 supra); death from, infection resulting from vaccination
 
 (Spicer Mfg. Co.
 
 v.
 
 Tucker,
 
 supra); infection, following the wearing of' skin off the fingers causing felons on the fingers
 
 (Industrial Commission
 
 v.
 
 Weimer,
 
 124 Ohio St., 50, 176 N. E., 886); injuries resulting from exposure of the-body to the forces of nature, such as freezing
 
 (Kaiser
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 440, 26 N. E. [2d], 449); injuries resulting from inhaling ashes and’ soot while cleaning out heated boilers, resulting in quick tuberculosis
 
 (Industrial Commission
 
 v.
 
 Bartholome,
 
 128 Ohio St., 13, 190 N. E., 193); injuries re-
 
 *299
 
 •suiting from contact with deleterious gases
 
 (Industrial Commission
 
 v.
 
 Palmer,
 
 supra); inhaling gases arising from heating paint in a building without ventilation •causing death
 
 (Industrial Commission
 
 v.
 
 Roth, supra).
 

 If the rules contended for by the appellant were to prevail, compensation would be denied in all the above types of accidental injuries. This would do violence to the purpose and spirit of the Workmen’s Compensation Act and cannot be adopted. In the opinion of this court this controversy has been set at rest by reason of the recent amendment of Section 1465-68, General Code. The defendant, however, contends that no change was made in the statute by the amendment. This is contrary to the well established rules of statutory construction. When an existing statute is repealed and a new statute upon the same subject is •enacted to include an amendment, as in this case, it is presumed that the Legislature intended to change the effect and operation of the law to the extent of the •change in the language thereof.
 
 State, ex rel. Durr,
 
 v.
 
 Spiegel,
 
 91 Ohio St., 13, 109 N. E., 523;
 
 County Board of Education of Hancock County
 
 v.
 
 Boehm,
 
 102 Ohio St., 292, 301, 131 N. E., 812; and
 
 State, ex rel. Methodist Children’s Home Assn.,
 
 v.
 
 Board of Education,
 
 105 Ohio St., 438, 444, 138 N. E., 865.
 

 While the language of the amendment is susceptible to clarification, yet it plainly says that “the term in.jury * * * shall include
 
 any
 
 injury * * (Italics •ours.) This must mean that the term “injury” shall include every physical injury of whatever type which •causes loss or damage to a workman, or to his dependents in case of his death, provided it can be shown 'that such injury otherwise qualifies in characteristics •or essential elements as a compensable injury as that term has been heretofore and is now defined by this •court.
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38;
 
 Slanina
 
 v.
 
 Industrial Commission,
 
 
 *300
 
 117 Ohio St., 329, 158 N. E., 829;
 
 Industrial Commission
 
 v.
 
 Nelson,
 
 127 Ohio St., 41, 186 N. E., 735; 42 Ohio-Jurisprudence, 626, Section 50.
 

 This is a rational interpretation of the statute as it now stands. The Workmen’s Compensation Act was intended to provide compensation for disability to workmen for injuries occurring in the course of and arising” out of their employment. The disability and the resulting loss is just as great to a workman whether bis-accident is through accidental means or whether it is the direct result of an accidental circumstance without any antecedent accidental means. To restate the rule under the present statute, the term “injury” as used in the Workmen’s Compensation Act, comprehends a physical or traumatic damage or harm, accidental in its origin and character in the sense of being the result, of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place.
 

 1 This court is still committed to the proposition that a compensable injury under the Workmen’s Compensation Act must be accidental and traumatic in character. This is necessary to differentiate compensable injury from disease which is not compensable unless caused by an injury, and except occupational diseases-for which special provision has now been made under the law. Such holding, to the effect that a compensableinjury must be accidental and traumatic in character,, is in harmony with the holdings of practically all courts-of last resort of states where Workmen’s Compensation Acts are in force. And this court takes the further position that accidental and traumatic injuries, having the other essential elements of a compensable injury, are compensable whether they are the result of accidental means or the result of the mishap itself proximately causing the harm or damage.
 

 The appellant claims that no accident happened in-
 
 *301
 
 this case because the decedent voluntarily subjected himself to the heat of the place where he was working. However, an injury may be suffered in the course of voluntary action and still be accidentally caused. A. large number of injuries, plainly accidents, are suffered in performance of intentional acts.
 
 Spicer Mfg. Co.
 
 v.
 
 Tucker, supra; Bryant
 
 v.
 
 Continental Casualty Co.,
 
 107 Tex., 582, 182 S. W., 673, 678, L. R. A. 1916E, 945. When, in connection with an intentional act on the part of a workman which precedes an injury to him, something unforeseen, unexpected, and unusual occurs which produces the injury, or from which the injury results, it is accidental in character and result. . (See cases cited in 7 A. L. R., 1132, 1133.)
 
 Bryant
 
 v.
 
 Continental Casualty Co., supra; Richards
 
 v.
 
 Standard Accident Insurance Co.,
 
 58 Utah, 622, 200 P., 1017, 17 A. L. R., 1183;
 
 Lewis
 
 v.
 
 Ocean Accident & Guaranty Corp.,
 
 224 N. Y., 18, 120 N. E., 56, 7 A. L. R., 1129;
 
 United States Mutual Accident Assn. v. Barry,
 
 131 U. S., 100, 33 L. Ed., 60;
 
 Western Commercial Travelers Assn.
 
 v.
 
 Smith,
 
 85 F., 401, 40 L. R. A., 653;
 
 Morgan
 
 v.
 
 The Zenaida
 
 (C. A.), 25 Times L. R., 446;
 
 Lane
 
 v.
 
 Horn & H. Baking Co.,
 
 261 Pa., 329, 104 A., 615, 13 A. L. R., 963, and annotation, 979; 3 Joyce on Insurance (2 Eel.), 2808; 1 Corpus Juris Secundum, 425
 
 et seq.
 

 In the case of
 
 Connelly
 
 v.
 
 Hunt Furniture Co.,
 
 240 N. Y., 83, 147 N. E., 366, 39 A. L. R., 867, the court, through Judge Cardozo, said :
 

 “The range of accident would be reduced, indeed, to vanishing dimensions if we were to take out of the category every case in which the physical movement had been willed without adverting to the consequences.”
 

 While the decedent in this case voluntarily worked in a superheated atmosphere, his death was not the usual and expected result but the unusual and unexpected result of such employment, and was, therefore, accidental.
 

 
 *302
 
 The appellant claims that the decedent not only suffered no accident but especially no physical or traumatic injury. A traumatic injury is one produced by any sudden violent attack upon the tissues or organs of a living' body producing a wound, tear or an abnormal condition thereon or therein. The attack may result from contact with deleterious gases, destructive temperatures or forces of nature. Thus the inhalation of poisonous fumes or other harmful elements causing injury to the tissues of the body is sufficient.
 
 Industrial Commission
 
 v.
 
 Roth, supra; Industrial Commission
 
 v.
 
 Palmer, supra; Industrial Commission
 
 v.
 
 Helriggle,
 
 26 Ohio St., 645, 186 N. E., 711;
 
 Industrial Commission
 
 v.
 
 Burckard,
 
 112 Ohio St., 372, 147 N. E., 81 ;
 
 Industrial Commission
 
 v.
 
 Polcen, supra; Industrial Commission
 
 v.
 
 Bartholome, supra.
 
 So is an attack by the forces of nature, such as freezing.
 
 Kaiser
 
 v.
 
 Industrial Commission, supra.
 
 Likewise, overheating, causing a heatstroke, constitutes trauma. 42 Ohio Jurisprudence, 659, Section 70.
 

 Heatstroke or heat exhaustion is generally held to be a traumatic compensable injury under the Workmen’s Compensation Acts of other jurisdictions.
 
 B. & O. Rd. Co.
 
 v.
 
 Clark,
 
 59 F. (2d), 598;
 
 Wheeling Corrugating Co.
 
 v.
 
 McManigal,
 
 41 F. (2d), 593, 595. In the cases, respectively, of a fireman in a boiler room, an engineer in a heated engine room, and an employee working in a, heated sheet iron building with tarred roofing on a hot day, the courts of various states have held that the workman’s being overcome by excessive heat was an accident arising out of the employment.
 
 Walsh
 
 v.
 
 River Spinning Co.,
 
 41 R. I., 490, 103 A., 1025;
 
 City of Joliet
 
 v.
 
 Industrial Commission,
 
 291 Ill., 555, 126 N. E., 618;
 
 Young
 
 v.
 
 Western Furniture & Mfg. Co.,
 
 101 Neb., 696, 164 N. W., 712, L. R. A. 1918B, 1001. Other cases are:
 
 Pearson
 
 v.
 
 Ford Motor Co.,
 
 186 Minn., 155, 242 N. W., 721;
 
 Herbert
 
 v.
 
 State,
 
 124 Neb., 312,
 
 *303
 
 246 N. W., 454;
 
 Birdwell
 
 v.
 
 Cement Co.,
 
 98 Mont., 483, 40 P. (2d), 43;
 
 Bicanic
 
 v.
 
 Kroger Grocery & Baking Co.
 
 (St. Louis Ct. of App., Mo.), 83 S. W. (2d), 917;
 
 Hoag
 
 v.
 
 Kansas Independent Laundry,
 
 113 Kan., 513, 215 P., 295.
 

 There was sufficient credible testimony submitted in this case to sustain the verdict of the jury, provided legal requirements were satisfied. The testimony disclosed that the decedent was engaged in pouring molds at the foundry of his employer when he suffered an attack about two o’clock in the afternoon. He carried an iron ladle from the furnace to the mold containing molten metal, the whole weighing about 40 pounds. The metal had a temperature of 2,600 degrees, which tended to overheat the room in which he worked. He was found in a semiconscious condition, rolling upon the floor in great agony. He was taken to the emergency room where it required men to hold him on the examination table. He was then taken home in the late afternoon. His physician was called, examined him and diagnosed his case as that of acute indigestion complicating heat prostration. At the trial, the physician so testified. The decedent died about two o ’clock the next morning. The plant doctor in former years had been called to the plant where the decedent was employed as high as six times in one afternoon to look after men who were overheated, but this had not occurred so often of late or at the time of decedent’s attack, because the men had been provided with salt tablets to avoid the difficulty.
 

 The court is of the opinion that under the testimony the jury was justified in finding that the decedent had suffered an accidental injury in the course of and arising out of his employment, compensable under the Workmen’s Compensation Act as heretofore construed. As has been often stated, when an employee, by reason of the activities, conditions and requirements of his employment, is subjected to a greater hazard
 
 *304
 
 than are the members of the general public, and he is accidentally injured thereby, a causal connection between the employment and the injury is established. Such a situation is established in this case.
 

 Appellant complains because the trial court excluded a part of the testimony of Doctor Schulze on the ground that it was privileged. The doctor was the plant physician; Malone was taken to him while in a semiconscious condition, not only for examination but for treatment. From the proffered testimony, it appears that to all intents and purposes, the doctor became the personal physician of the decedent for treatment. As a matter of fact, he administered hypodermics and medicines to the decedent as a practicing physician. The doctor learned all the facts about which he attempted to testify by reason of such examination and treatment. The court did not err in holding that such communications were privileged.
 

 Appellant also contends that the plaintiff-appellee, as mother of the decedent, was not the latter’s dependent. The decedent was living at the home of his mother at the time of his death. Dependency was therefore presumed. Section 1465-82, General Code. There was also credible evidence of actual dependency. This presented a question for the jury, and this court will not weigh the evidence on that issue.
 

 No prejudicial error appearing in the record, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams and Zimmerman, JJ., concur.
 

 Turner and Matthias, JJ., concur in the judgment.
 

 JBettman, J., not participating.