Bell, J.,
concurring. It was my opinion at the time the case of Dripps v. Industrial Commission, 165 Ohio St., 407, 135 N. E. (2d), 873, was decided that the judgment then agreed upon by a majority of this court could not be reconciled with the decision in, and paragraphs three and four of the syllabus of, Malone v. Industrial Commission, 140 Ohio St., 292, 43 N. E. (2d), 266, or with Maynard v. B. F. Goodrich Co., 144 Ohio St., 22, 56 N. E. (2d), 195. Consequently, I concurred in the concurring opinion of Judge Taft to the effect that the Malone and Maynard cases, to the extent that they are inconsistent, were overruled by the decision in, and paragraph one of the syllabus of, the Dripps case. I am still of that opinion.
At the time of the decision in the Dripps case, the majority of this court chose one of what may be termed two irreconcilable lines of decision. During the two and one-half years since that case was decided there are doubtless many cases, in addition to the instant case, which have been decided on the authority thereof. To recede now from the position taken in the Dripps case would evidence an inconsistency to which I am unwilling to contribute. If this court was wrong in its interpretation of the statute as announced in the Dripps case and those which have followed it, and if the Workmen’s Compensation Act is to be made a general policy of insurance for the employees of Ohio, as has been argued to this court on occasion, our error should be corrected by the General Assembly and a different approach *485 to workmen’s compensation outlined in clear and unequivocal legislative expression.
Weygandt, C. J., Stewart and Matthias, JJ., concur in the foregoing concurring opinion.