Taft, J.,
dissenting. On the evidence in this record, a jury could reasonably find that plaintiff was physically injured as a proximate result of a hazard of his employment (see McNees v. Cincinnati Street Ry. Co., 152 Ohio St., 269, 89 N. E. [2d], 138), which was greater than that to which members of the general public are ordinarily subjected (see paragraphs three and four of the syllabus of Malone v. Industrial Commission, 140 Ohio St., 292, 43 N. E. [2d], 266), that is, the hazard of injury from the heavy physical exertion required “in the performance of his work.” It does not appear however that there is any evidence of any accidental cause of plaintiff’s injury or that such injury was caused by accidental means, although it is apparent that the evidence will support a finding that his injury was received in the course of plaintiff’s employment and was suddenly and unexpectedly suffered, i. e., it represented an accidental result.
Thus, the question to be decided is whether an injury can be compensable where it is not caused by accidental means or where it is not the result of or caused by an accident, but where its occurrence represents an accidental result (in other words, . where it is an injury that is suddenly or unexpectedly, i. e., accidentally, suffered although it is not the result of or caused by any accident).
Malone v. Industrial Commission, supra (140 Ohio St., 292), and Maynard v. B. F. Goodrich Co., 144 Ohio St., 22, 56 N. E. (2d), 195, apparently require the conclusion that such injury can be compensable. On the other hand, there are subsequent decisions which apparently require a contrary conclusion. Dripps v. Industrial Commission, 165 Ohio St., 407, 135 N. E. (2d), 873, and Artis v. Goodyear Tire & Rubber Co., 165 Ohio St., 412, 135 N. E. (2d), 877. Also, there are other subsequent decisions or statements by this court which defendant contends should require such a contrary conclusion. See Toth v. Standard Oil Co., 160 Ohio St., 1, 113 N. E. (2d), 81; *486 Gerich v. Republic Steel Corp., 153 Ohio St., 463, 92 N. E. (2d), 393; and Nelson v. Industrial Commission, 150 Ohio St., 1, 80 N. E. (2d), 430.
Since 1913, onr Workmen’s Compensation Act has stated in substance that “every employee, who is injured * * * in the course of employment, wherever such injury has occurred, provided the same was not purposely self-inflicted, is entitled to receive * * * compensation for loss sustained on account of such injury * * * as provided by” certain specified statutory sections. Section 4123.54, Revised Code.[1]
In none of the statutes providing for payment of workmen’s compensation is there any expression of a legislative intention that the foregoing-quoted words “injured” and “injury” should be given other than their ordinary meaning or that all kinds of “injury” should not be included, except that, as Section 4123.54, Revised Code, states, a compensable injury must be “in the course of employment” and must “not” be “purposely self-inflicted.” Certainly, the Ohio General Assembly never expressly indicated any intent to limit the word “injury” to an injury that was accidental or caused by accident. See Renkel v. Industrial Commission, 109 Ohio St., 152, 156, 141 N. E., 834; Johnson v. Industrial Commission, 164 Ohio St., 297, 306, 130 N. E. (2d), 807; and 1 Larson’s Workmen’s Compensation Law, 512, Section 37.19 (“Ohio, has no reference to ‘accident’ anywhere in the statute, but read the requirement in anyway”).
However, in 1915, shortly after the Workmen’s Compensation Act became effective in this state, this court was confronted with the contention that an employee who contracted a disease “in the course of employment” was “injured * * * in the course of employment” within the meaning of those words as used in a statute that corresponds with what is now Section 4123.54, Revised Code. In holding against that contention, this court pointed out that Section 35 of Article II of the Constitution *487 relative to workmen’s compensation, which was adopted in 1912, referred to both injuries and occupational diseases and thereby indicated an intention that injuries were not to include diseases; and this court further noted, as a distinction between injuries resulting from disease and injuries contemplated by the General Assembly in its use of the words “injury” and “injured,” that the former ordinarily had no accidental character and therefore, when the General Assembly used the words “injured” and “injury” in what is now Section 4123.54, Revised Code, it must have had in mind only accidental injuries. Industrial Commission v. Brown, 92 Ohio St., 309, 110 N. E., 744, L. R. A. 1916B, 1277. See Renkel v. Industrial Commission, 109 Ohio St., 152, 156, 141 N. E., 834.
We have found and been referred to no decision or pronouncement of law by this court prior to Industrial Commission v. Franken, 126 Ohio St., 299, 185 N. E., 199, decided in 1933, that definitely requires that an injury be caused by accident or by accidental means in order for such injury to be compensable.[2]
Although the 1934 decision in Spicer Mfg. Co. v. Tucker, 127 Ohio St., 421, 188 N. E., 870, and especially the reasons so clearly advanced therefor in the opinion by Weygandt, C. J., indicated to some that an injury might be compensable if it represented an accidental result although it was not caused by accident or by accidental means (see Industrial Commission v. Luger, 54 Ohio App., 148, 150, 6 N. E. [2d], 573, decided in 1936), the General Assembly in 1937 apparently endeavored to settle the question as to compensability of such an injury by the passage of a bill, which did nothing but provide for the addition of the following to the then existing part of the statutory section that has now become Section 4123.54 (the substance of this added part now constitutes part of Section 4123.01, Revised Code):
*488 “The term ‘injury’ as used in this section and in the Workmen’s Compensation Act shall include any injury received in the course of, and arising out of, the injured employee’s employment.”
When the origin of this language is considered, the intent of the General Assembly to reject the Franken case and approve the Spicer case becomes absolutely clear. In his opinion in the Spicer case, at page 423, Chief Justice Weygandt, in a quotation from 28 R. C. L., 787, which he called a “helpful discussion of the term ‘accident,’ ” had referred to the construction of the British statute by the House of Lords in Fenton v. J. Thorley & Co., A. C. 1903, 443.
An examination of that case discloses that the British act provided for compensation for “personal injury by accident arising out of and in the course of the employment.” It is at once apparent that the above-quoted 1937 addition to our Workmen’s Compensation Act was merely a restatement of the words of the English act, with the. omission of the limiting words “by accident” after, and with the addition of the broadening word “any” before, the word “injury.”
Although it is reasonably arguable that an “injury by accident” means an injury caused by accident and not merely an injury that represents an accidental result, the holding of the House of Lords was that no accidental cause or accidental means was required. The case involved a claim for compensation by a workman who was employed to turn the wheel of a machine and who ruptured himself by an act of overexertion in doing so. In the opinion by Lord MacNaghten it is said:
‘ ‘ Fenton was a man of ordinary health and strength. There was no evidence of any slip, or wrench, or sudden jerk. It may be taken that the injury occurred while the man was engaged in his ordinary work, and in doing or trying to do the very thing which he meant to accomplish. ((* # *
“If a man, in lifting a weight or trying to move something not easily moved, were to strain a muscle, or rick his back, or rupture himself, the mishap in ordinary parlance would be described as an accident. Anybody would say that the man had *489 met with an accident in lifting a weight, or trying to move something too heavy for him.
# * i-j. seem to me extraordinary that anybody should suppose that when the advantage of insurance against accident at their employers’ expense was being conferred on workmen, Parliament could have intended to exclude from the benefit of the act some injuries ordinarily described as ‘accidents’ which beyond all others merit favorable consideration in the interest of workmen and employers alike. A man injures himself by doing some stupid thing, and it is called an accident, and he gets the benefit of the insurance. It may even be his own fault, and yet compensation is not to be disallowed unless the injury is attributable to ‘serious and wilful misconduct’ on his part. A man injures himself suddenly and unexpectedly by throwing all his might and all his strength and all his energy into his work by doing his very best and utmost for his employer, not sparing himself or taking thought of what may come upon him, and then he has to be told that his case is outside the act because he exerted himself deliberately, and there was an entire lack of the fortuitous element! I cannot think that that is right. I * * * think if such were held to be the true construction of the act, the result would not be for the good of the men, nor for the good of the employers either, in the long run. Certainly it would not conduce to honesty or thoroughness in work. It would lead men to shirk and hang back, and try to shift a burthen which might possibly prove too heavy for them onto the shoulders of their comrades. «<• • *
“* * * respondents * * # referred to several cases on policies of insurance intended to cover injuries described as arising from accidental * * * causes * * *. I do not think that these cases throw much light upon the present question. They turn on the meaning and effect of stipulations for the most part carefully framed in the interest of the insurers.”
In his opinion Lord Robertson stated:
“No one out of a law court would ever hesitate to say that this man met with an accident, and, when all is said, I think this use of the word is perfectly right.”
*490 In the opinion by Lord Lindley it is said:
“The word ‘accident’ is not a technical legal term with a clearly defined meaning. Speaking generally, but with refer- ■ ence to legal liabilities, an accident means any unintended and unexpected occurrence which produces hurt or loss. But it is often used to denote any unintended and unexpected loss or hurt apart from its cause; and if the cause is not known the loss or hurt itself would certainly be called an accident. The word ‘accident’ is also often used to denote both the cause and the effect, no attempt being made to discriminate between them. ’ ’
As stated by Thompson, J., in Giguere v. E. B. & A. C. Whiting Co., 107 Vt., 151, 177 A., 313, 98 A. L. R., 196, the “definition of the word ‘accident’ in the sense in which it is used in the British Workmen’s Compensation Act has been adopted generally in jurisdictions in this country where the local act itself does not define the word. ’ ’
It is the well settled general rule that, when a statute is adopted from another state or country, the judicial construction already placed on such statute by the highest courts of the jurisdiction from which it is taken is treated as incorporated therein so as to govern its interpretation. 50 American Jurisprudence, 472, Section 458.
In July of 1942, this court in Malone v. Industrial Commission, supra (140 Ohio St., 292), definitely held that there may be. an “injury” within the meaning of that word as used in what is now Section 4123.54, Revised Code, where there is a physical damage to the person either (I) as a proximate result of a sudden and unexpected occurrence, that is, where caused by accidental means or where there is an accidental cause (paragraphs one and two of syllabus), or (II) suddenly and unexpectedly suffered, that is, where there is an accidental result (paragraphs three and four of syllabus).[3] Judge Matthias, who wrote the opinion in the Franhen case, clearly indicated in a concurring opinion that the word “injury” in that statute could, because of *491 the above-quoted 1937 amendment thereof, include an injury which represented an accidental result though not caused by accident; and Judge Turner, who wrote the opinion in Cordray v. Industrial Commission, 139 Ohio St., 173, 38 N. E. (2d), 1017, that was decided on the same day that this court delivered its “per curiam” opinion in Matczak v. Goodyear Tire & Rubber Co., 139 Ohio St., 181, 38 N. E. (2d), 1021, concurred in Judge Matthias’ opinion. All the others of the six judges who participated in the Malone decision concurred therein generally.
The Malone case was expressly approved and followed in Maynard v. B. F. Goodrich Co., supra (144 Ohio St., 22) (six general concurrences and no dissent), where the second paragraph of the syllabus clearly indicates that, because of the above-quoted 1937 statutory amendment, an injury may be compensable if “accidental in character and result.”
The decision and syllabus in Nelson v. Industrial Commission, supra (150 Ohio St., 1), do not indicate a departure from either the Malone or the Maynard case. Judge Stewart’s opinion quotes from the syllabus of both but says nothing to indicate any intention to disapprove of anything with respect to either of those two cases.
Nothing in the syllabus or decision of Gerich v. Republic Steel Corp., supra (153 Ohio St., 463), can reasonably be construed as indicating any intention of this court to modify the law as determined and announced in either the Malone or the Maynard case. As pointed out in the opinion, at page 469, the plaintiff in the Gerich case simply had no evidence of any “causal relation between Gerich’s death and the activities of his employment.”
Also, nothing in Toth v. Standard Oil Co., supra (160 Ohio *492 St., 1), indicates any intention of this court to modify the law as determined and announced in the Malone or Maynard case. As stated in the opinion at page 6 “the question * * * presented is whether anxiety and worry * # * constitutes an accidental injury.” That was the only potential injury during his employment that Toth could establish. The physical damage to his person that resulted in his disability did not even occur during his employment. Paragraph one of the syllabus of the Toth case is a restatement of paragraph one of the syllabus of the Malone case, with the addition of the words “ Malone v. Industrial Commission * * * [not merely a part of that case or a part of its syllabus] approved and followed.”
As to the Toth case, the argument of defendant seems to be that paragraph one of the syllabus of the Malone case represents in effect a statement by this court that there can be no injury within the meaning of the Workmen’s Compensation Act unless such injury is caused by an accident (i. e., “the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events at a particular time and place”); that paragraph one is therefore inconsistent with paragraphs three and four of the syllabus of the Malone case, which indicate that there can be an injury within the meaning of the Workmen’s Compensation Act where an injury is accidental in result though not caused by accident or by accidental means; and that the restatement of the words of paragraph one of the Malone case syllabus in the syllabus of the Toth case indicates an intention by this court to reject paragraphs three and four and even the decision in the Malone case and to require, as a condition precedent to the existence of a compensable injury, an accidental cause for an injury or the causing of such injury by accidental means. The fallacy of that argument (a fallacy which my concurring opinion in Dripps v. Industrial Commission, supra [165 Ohio St., 407, 410], indicates that I failed to discern when that case was decided) is disclosed by a consideration of the meaning of the word “comprehends” where it appears in paragraphs one of the syllabi of both the Malone and Toth cases.
When this court said in effect in the syllabi of the Malone and Toth cases that “the term ‘injury’ * * * comprehends a physical or traumatic damage” that is caused by an accident, it *493 merely said in effect that that term “embraces” or “includes” such a physical damage. Webster’s New International Dictionary (2 Ed.). It did not say that that term ‘ ‘ comprehends, ” “ embraces” or “includes” nothing else. In order to sustain the foregoing fallacious argument of defendant with respect to paragraph one of the Toth case syllabus, it would be necessary in effect to add, after the word “comprehends,” a word such as “only.” There is nothing in the language of the syllabus of either the Malone or the Toth case to indicate either that this court intended that the word “comprehends” should be read as “comprehends only” or that the word “comprehends” should be read as though it were “means” instead of “comprehends.” On the contrary, if we were to so read the word “ comprehends” in the syllabus of the Malone case, we would inevitably be led to the conclusion that the members of this court who concurred in the syllabus of the Malone case intended in paragraphs one and two to make statements inconsistent with those they made in paragraphs three and four and inconsistent with the decision of the case. Obviously, we should endeavor to harmonize the several statements in a syllabus if that, as here, can reasonably be done.
It follows that paragraph one of the syllabus of Dripps v. Industrial Commission, supra (165 Ohio St., 407), which is in substance only a restatement of paragraph one of the syllabus of the Malone case, is not inconsistent with the decisions and pronouncements of law made in the Malone and Maynard cases. However, the part of paragraph two of the syllabus in the Dripps case after the semicolon,[4] and the decision and some of the statements in the per curiam opinion in Artis v. Goodyear Tire & Rubber Co., supra (165 Ohio St., 412), represent a definite departure from the decisions and pronouncements of law in the Malone and Maynard cases, in requiring, as a condition precedent to existence of an injury compensable under the Workmen’s Compensation Act, some accidental cause of the injury or a causing thereof by accidental means.
If this case involved an ordinary question of stare decisis, *494 we would be inclined to suggest that the General Assembly should again change the law as announced in the Bripps and Artis cases. However, the majority opinion in neither of those cases mentions either the Malone or the Maynard case or even the hereinbefore-quoted 1937 amendment of the Workmen’s Compensation Act, upon which this court based its decisions in the Malone and the Maynard cases. Hence, from the standpoint of stare decisis, we apparently are in a position to choose between either of two irreconcilable lines of decisions. However, when we make that choice, we should make it clear that we are rejecting the line of cases that we are rejecting.
As hereinbefore pointed out, the ordinary meaning of the language used by the General Assembly in the above-quoted 1937 statutory amendment, as well as its long established prior construction by the highest judicial tribunal of the nation from whose statutes that language was adopted, requires the conclusion that an injury may be an injury within the meaning of the Workmen’s Compensation Act if accidental in result though not caused by accidental means. This court definitely so held in July 1942 and again in 1944. During the 14 years between our decision in the Malone case and our recent decisions in the Bripps and Artis cases, the General Assembly had ample opportunity to change the law as determined by those holdings but did not do so. We believe therefore that we should adhere to the law as determined and announced in the Malone and Maynard cases. To the extent that they are inconsistent therewith, this would require an overruling of the Artis case and of part of paragraph two of the syllabus of the Bripps case.
Zimmerman and Herbert, JJ., concur in the foregoing dissenting opinion.

 Substantially the same provisions were in Section 1465-68, General Code, at all times between enactment of the first Ohio Workmen’s Compensation Act in 1911 (102 Ohio Laws, 524) and the original compulsory Workmen’s Compensation Act in 1913 (103 Ohio Laws, 72) and the effective date of the Revised Code.

 See also the following cases cited by defendant but decided without reference to the 1937 statutory amendment quoted in this opinion. Industrial Commission v. Lambert, 126 Ohio St., 501, 186 N. E., 89; Goodman v. Industrial Commission, 135 Ohio St., 81, 19 N. E. (2d), 508; Gwaltney, a Minor, v. General Motors Corp., 137 Ohio St., 354, 30 N. E. (2d), 342; Cordray v. Industrial Commission, 139 Ohio St., 173, 38 N. E. (2d), 1017; and Matczak v. Goodyear Tire & Rubber Co., 139 Ohio St., 181, 38 N. E. (2d), 1021.

 Paragraphs three and four of the syllabus of the Malone case also indicate that, in order for such an injury to a workman to be compensable under the Workmen’s Compensation Act, it must be received in the course of such workman’s employment and there must be a causal relationship between such injury and some hazard of the employment which is a greater hazard than *491 that to which members of the general public are ordinarily subjected. To the same effect, see Walborn v. General Fireproofing Co., 147 Ohio St., 507, 72 N. E. (2d), 95 (fall on ice), and Eggers V. Industrial Commission, 157 Ohio St., 70, 104 N. E. (2d), 681 (mere fall on floor). McNees v. Cincinnati Street Ry. Co., 152 Ohio St., 269, 89 N. E. (2d), 188, indicates that such causal relationship must be a “proximate” one.
Compare the provisions of Section 4123.68 (X) with respect to occupational diseases other than those specified and requiring that such a disease be one “to which an employee is not ordinarily subjected or exposed outside of or away from his employment.”

 An examination of the briefs in the Dripps case indicates that the same decision could have been rendered for reasons not inconsistent with the decisions and pronouncements of law made in the Malone and Maynard cases.