Bell, J.
The only question of public or great general interest involved in this appeal is whether the amendment of Section 4123.01, Eevised Code, effective November 2, 1959, changed the definition of “compensable injury” as interpreted by this court in Dripps v. Industrial Commission, 165 Ohio St., 407, Artis v. Goodyear Tire & Rubber Co., 165 Ohio St., 412, and Davis v. Goodyear Tire & Rubber Co., 168 Ohio St., 482, and, if so, whether such amended definition is applicable to a claim arising prior to such amendment.
■ At the time of the Dripps, Artis and Davis decisions by this court, Section 4123.01, Eevised Code, defined an “injury” as including “any injury received in the course of, and arising out of, the injured employee’s employment.” This court interpreted that definition as comprehending “a physical or traumatic damage or harm accidental in character and as a result of external and accidental means in the sense of being the result of a sudden mishap, occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place.”
When the Dripps case was decided, there was in the books another line of authority represented by Malone v. Industrial Commission, 140 Ohio St., 292, and Maynard v. B. F. Goodrich Co., 144 Ohio St., 22, to the effect that injuries accidental in character and result were compensable the same as injuries *223 caused by external accidental means. This line • of authority was not overruled by the Dripps decision, although this writer and one other member of the court were of the opinion that the decision in Dripps could not be reconciled with that line of ■ authority.
Judge Zimmerman, in his dissenting opinion in Dripps, said that, in his opinion, the term, “injury,” embraced injuries “accidental in character and result as well as those produced or caused by accidental means.”
The Davis case was decided on February 4, 1959, at which time the General Assembly was in session. The Davis decision reaffirmed the definition of “injury” as set out in Dripps. The Malone-Maynard rule again remained undisturbed. This writer however, held to his conviction that Dripps and Malone were inconsistent and suggested that,' if the court was wrong in Dripps, “our error should be corrected by the General Assembly and a different approach to workmen’s compensation outlined in clear and unequivocal legislative expression.”
Although some doubt may be entertained that the expression is “clear and unequivocal,” the General Assembly, within a matter of a few months after the Davis decision, amended Section 4123.01, Revised Code, and defined “injury” as including “any injury, whether caused by external accidental means or accidental in character and result.” The conclusion is inescapable to a majority of this court that the General Assembly intended to define “injury” in the terms of the Malone rule and in the terms of Judge Zimmerman’s dissent in Dripps. The legislative branch of the government exercised a prerogative delegated to it, and the judiciary is obliged to respect that prerogative.
The remaining question is the application of Section 4123.519, Revised Code, a part of the same amendatory act that amended Section 4123.01, Revised Code, to the litigation involved herein. Section 4123.519, Revised Code, reads, in part, as follows:
“The provisions of this section shall apply to all decisions of the commission the administrator or a regional board of review on the effective date of this act and all claims filed thereafter shall be governed by the provisions of Sections 4123.5Í2 to 4123.519, inclusive, of the Revised Code.
*224 “Any action pending in Common Pleas Court or any other court on the effective date of this act under Section 4123.519 of the Revised Code shall be governed by the terms of this act. ’ ’
The action of plaintiff was pending in the Court of Common Pleas at the time of the effective date of the amendment of Section 4123.01, Revised Code. If, under the terms of Section 4123.519, Revised Code, the definition of “injury,” as contained in the amendment effective November 2, 1959, can be applied to pending actions for injuries not compensable under the statute prior to its amendment, then the judgment below must be affimed.
Appellee has argued that the change made by the General Assembly in Section 4123.01, Revised Code, was not an amendment but was merely a clarification of what the General Assembly had always considered the law to be. There is, therefore, according to appellee, no question of retroactiveness so far as the application of the amendment to this action is concerned.
With this contention we cannot agree. The General Assembly was aware of the decisions of this court interpreting the word, “injury.” Those interpretations defined substantive rights given to injured workmen to be compensated for their injuries. Those substantive rights were substantially altered by the General Assembly when it amended the definition of “injury.” To attempt to make that substantive change applicable to actions pending at the time of the change is clearly an attempt to make the amendment apply retroactively and is thus violative of Section 28, Article II, Constitution of Ohio.
The judgment of the Court of Appeals, is, therefore, reversed, and final judgment is rendered for the appellant.

Judgment reversed.

Weygandt, C. J., Matthias, Radcliee and O’Neill, JJ., concur.
Zimmerman, J., dissents.
Taft, J., dissents on the authority of Malone v. Industrial Commission (1942), 140 Ohio St., 292, 43 N. E. (2d), 266, and Maynard v. B. F. Goodrich Co. (1944), 144 Ohio St., 22, 56 N. E. (2d), 195, which cases have not been overruled, and for the *225 reasons stated in the dissenting opinion in Davis v. Goodyear Tire & Rubber Co. (1959), 168 Ohio St., 482, 155 N. E. (2d), 889.