Moody, Appellee, *v.* Keller, Admr., et al., Appellants.

[Cite as Moody v. Keller (1973), 33 Ohio App. 2d 300.]

(No. 31658—Decided April 5, 1973.)

*Mr. Donald N. Krosin,* for appellee.
*Messrs. Jones, Day, Cockley & Reavis,* for appellant.

Day, J. The plaintiff-appellee and defendant-appellant will be referred to as plaintiff and defendant, respectively.

The plaintiff appealed the Industrial Commission's denial of his workmen's compensation claim to the Court of Common Pleas. His contention was that he suffered an acute lumbo-sacral strain on November 27, 1962, in consequence of a slip and unusual effort while closing the door of a boxcar during the course of his employment at the Jones & Laughlin Steel Corporation. Defendant, on the other hand, contended that the disability occurred while plaintiff was attempting to close the door but without the intervention of any slip or unusual strain. The matter was submitted to a jury which found in favor of the plaintiff. Post-trial motions were overruled and the defendant perfected its appeal to this court alleging four errors, which it asserts justify reversal.

Those assignments of errors are:

1. The trial court erred in overruling defendant's mo-

tions for a directed verdict and for a judgment notwithstanding the verdict, for the reason that there was no medical opinion testimony that a slip or unusual strain directly and proximately caused the acute lumbo-sacral strain.

2. The trial court erred by giving a charge which was hopelessly confusing as the statutory definition of "injury" as applied to the facts of the case.

3. Where the issue was whether a slip or an unusual strain, rather than the normal effort used in the regular, ordinary work performed by the workman, was the direct and proximate cause of an alleged acute lumbo-sacral sprain, it was error for the trial court to instruct that the question of causation was whether "the event" proximately caused the injury to the back.

4. The trial court erred by instructing the jury that a compensable accident occurred even though the employee was intentionally doing his customary work, if the back pain was an unexpected *result* of the normal work of the employee.

We find none of the assignments well taken. The judgment is affirmed.

## I.

In the final analysis the definition of injury in the statute as amended November 2, 1959 [Section 4123.01(C), Ohio Revised Code[1]] is dispositive of all four assignments of error. In considering these matters we are enjoined by statute to construe the Workmen's Compensation Act "liberally . . . in favor of employees and dependents of deceased employees." Section 4123.95, Ohio Revised Code.

This statute represents the current resolution of a long legislative-judicial contrapuntal action[2] which it is unneces-

---

[1] "(C) 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." For purposes of discussion it is assumed that an injury neither "caused by external accidental means or accidental in character and result," would *not* be "received in the course of, and arising out of, the injured employee's employment" even though the damaged employee was injured while working at covered employment.

[2] See Alloway, "Malone Re-visited—Definition of Injury under the Ohio Workmen's Compensation Act," 17 Cleve. Mar. L. R. 75 (1968).

sary to replay. It is enough for the decision in this case that in 1959 the Ohio legislature settled on an amendment which included in the definition of injury in the Workmen's Compensation Act the words:

"... any injury ... accidental in character and result, ...."

That amendment was the second of two.[3] In the light of judicial interpretation before and after the two amendments there is no doubt that the legislature intended something besides an exercise in rhetoric in adding the phrase "or accidental in character and result" to the definition. Granting the amendment represents a substantial legislative policy expression, the Supreme Court of Ohio has said that the "clear and unequivocal" quality of that expression is subject to some doubt, *Hearing* v. *Wylie* (1962), 173 Ohio St. 221, 223.

However, the defendant argues, in effect, that this case ought to be decided as though the amendment of November 2, 1959, did not exist at all and only an "external accidental means" will support compensability. This issue is still in this case, despite testimony to a slip and unusual strain, because medical testimony was necessary to establish proximate cause and the only medical evidence in the record did not establish that a slip or unusual strain caused the injury. Thus, defendant argues, there is a failure of proof. And so there is unless the phrase at issue means that compensability for injury under the Act may be grounded on something other than an unusual external incident, see *Ackerman* v. *Keller* (Ham. Cty., 1970), 30 Ohio App. 2d 9. (See Footnote 1.)

We hold that the "accidental character and result" clause, if it is to have any meaning, must mean more than the defendant contends. Otherwise the quoted phrase is susceptible to an interpretation which transforms it into a

---

[3]Prior to the Ohio Code reforms resulting in the Ohio Revised Code, the applicable definition of injury for workmen's compensation claims in Ohio was found in amended Section 1465-68, Ohio General Code. The part of that amended section pertinent to the definition of injury was carried into Section 4123.01, Ohio Revised Code. The latter definition remained unchanged until amended effective November 2, 1959.

mere redundancy echoing the preceding phrase—"caused by external accidental means." We turn to the consideration of that additional meaning, that coverage dimension added by "accidental character and result."

In *Malone* v. *Ind. Commission* (1942), 140 Ohio St. 292, decided before the second and latest amendment of the definition of injury [Section 4123.01(C)], it was pointed out that neither the enabling provision of the Ohio Constitution (Article II, Section 35), nor Section 1465-68, Ohio General Code, nor amended Section 1465-68, Ohio General Code, which controlled the compensability of the injury at issue in *Malone,* contained any language of limitation referable to "accidental or traumatic" origin. That limitation had been added by judicial gloss to a legislative definition containing no restriction at that time beyond the requirement that the injury be one "received in the course of, and arising out of," the employment, see *Malone* v. *Industrial Comm., supra,* at pp. 297-298. The *Malone* opinion also indicated that the amendment to Section 1465-68, effective July 10, 1937, broadened the definition to include any injury, *Malone* v. *Industrial Comm., id.,* 298. The *Malone* analysis is significant for its demonstration of legislative intent to broaden the definition. However, the *Malone* case is even more remarkable for its conclusion that decedent who died while voluntarily at work in a superheated atmosphere met his death under compensable conditions because:

"... his death was not the usual and expected result but *the unusual and unexpected result of such employment, and was, therefore, accidental." Malone* v. *Industrial Commission, id.,* at 301.[4] (Emphasis added.)

Thus, *Malone* teaches that an injury is compensable if it is shown, by a preponderance of the evidence, that it was the unusual and not expected *result* of the employment. For all practical purposes this means the result, *i. e.,* the injury, was not anticipated and would not have occurred but for the fact that the employee was engaged in his employment at the time of occurrence thus satisfying both the necessity

[4]Cf. Syllabus 1.

that it be "accidental" and received in and arise out of his employment.

In the light of those judicial developments subsequent to the *Malone* decision which moved toward a more constricted interpretation of "injury,"[5] followed ultimately by the amendment in issue here plus the Ohio Supreme Court's reading of the amendment as a legislative return to the *Malone* rule, *Hearing* v. *Wylie, supra,* 223, we hold that the plaintiff's injury in the present case was not the "usual and expected" but the "unusual and unexpected" and, therefore, *accidental* result of his employment within the concept of "accidental character and result." Under this formulation of the meaning of "accidental character and result" the medical testimony at issue meets the causation standards implicit in the statutory definiton of injury.

Assignment of Error No. 1 is not well taken. Assignments Nos. 2, 3, and 4 fare no better.

The latter three assignments must fail because the charge, read in the light of the *Malone* and *Hearing* principles, was both clear and accurate.[6]

[5]See, *p. e., Dripps* v. *Industrial Commission* (1956), 165 Ohio St. 407; *Artis* v. *Goodyear Tire and Rubber Co.* (1956), 165 Ohio St. 412; and *Davis* v. *Goodyear Tire and Rubber Co.* (1959), 168 Ohio St. 482.

[6]The relevant instruction reads:

"Observe that the definition has several parts. The term injury includes a physical or traumatic damage or harm accidental in character and as a result of external and accidental means in the sense of being a result of a sudden mishap, occurring by chance, unexpectedly and not in the usual course of events.

"In addition, the term injury includes physical or traumatic damage or harm accidental in character and result even though it was not accidental in origin and even though the injury was not the result of external means in the sense of a sudden mishap.

"The plaintiff must establish that the physical injury of which he complains was directly and proximately caused by an accident on November 27, 1962.

"Proximate cause is a happening or event which in a natural and continuous sequence produces an injury and without which the result would not have occurred. In relation to this case, the question of causation is: did the event at the Jones & Laughlin plant on November 27, 1962, proximately cause the injury to Costello Moody's back in the lumbosacral area of the back?" (Tr. 152.)

305

The judgment is affirmed.

*Judgment affirmed.*

JACKSON, P. J., concurs.
CORRIGAN, J., concurs in the judgment.