DeArmond, Appellee, v. Sommer et al., Appellants.

(No. C-74401—Decided September 8, 1975.)

Messrs. *Finkelmeier & Finkelmeier*, for appellee.

Mr. *William J. Brown*, attorney general, and Mr. *S. Wayne Wright*, for appellant Joseph J. Sommer, administrator of the bureau of workmen's compensation.

Mr. *Robert M. Bratton*, for appellant Keebler Company.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket; the journal entries and original papers from the Hamilton County Court of Common Pleas; the transcript of the proceedings; and the assignments of error, briefs and arguments of counsel.

On February 11, 1972, the plaintiff, a carpenter employed by the Keebler Company, lifted a 4x8x¾ sheet of plywood in compliance with orders given him to move twelve such sheets from a shop cart to a lumber rack. While so engaged, he experienced a sudden sharp pain in the region of his lower back. The injury was not immediately reported inasmuch as the employee, who was then under treatment for diverticulitis (an intestinal disorder inducing pain), attributed his discomfort, however acute, to the aforesaid ailment rather than to the lifting incident. Thereafter, as his pain increased in intensity and severity, the

employee consulted his doctor and was advised that the cause of the pain was a lower back muscle injury rather than the pre-existing diverticulitis condition. The employee was then referred to an orthopedic surgeon who diagnosed the condition as a lumbo-sacral strain arising from the incident of February 11.

After surgery to correct the problem had been accomplished, a workmen's compensation claim was filed by the employee, and such was denied by the bureau of workmen's compensation. An appeal was taken from the denial of the claim, with opposing motions for summary judgment filed by the employee and Keebler. This appeal is taken by Keebler from the judgment of the trial court in favor of the employee.

Four assignments of error are presented for our review, the first asserting that the trial court erred in granting summary judgment where there existed genuine issues of material fact. However, the sole evidentiary matter before the court at the hearing on the motions was the employee's deposition taken as if on cross-examination by Keebler. Since the evidence of the deposition is uncontroverted, that the employee suffered an injury of the nature and under the circumstances as related above, it is obvious that the trial court did not err in its conclusion that there were no genuine factual issues. Accordingly, the first assignment of error is overruled.

Appellant next asserts that the trial court erred in granting summary judgment where it concluded as a matter of law that the injury suffered by the employee was compensable under R. C. 4123.01(C). This section defines a compensable injury as follows:

"'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

The thrust of appellant's contention is addressed to this definition of "injury," the appellant asking that this court construe the definition quoted above so that an injury, in order to be compensable, must be shown to have

been caused by an external accidental force or event absent under the facts of this case. In so doing, appellant relies heavily on the case of *Dripps* v. *Industrial Commission* (1956), 165 Ohio St. 407. Inasmuch as the present statutory language is the result of a 1959 amendment post-dating *Dripps* and, indeed, in response thereto, we conclude that the *Dripps* requirement for "externality" is not appropriate. Of the post-1959 cases construing R. C. 4123.01 et seq., we are cited to none wherein the Supreme Court of Ohio has decided the direct question before us. Thus, in *Philips* v. *Borg-Warner Corp.* (1972), 32 Ohio St. 2d 266, where it was held that the term "injury" does not include or contemplate a disease, the court did not write on the question of whether "externality" of causes must be shown before an injury may be deemed compensable. Rather, and to the degree that any gloss may be said to have been placed on the language of the current statute, the court specifically reaffirmed (at page 269) the pre-"external accidental means" language of *Malone* v. *Industrial Commission* (1942), 140 Ohio St. 292, viz.:

"This court has often held that, under the Workmen's Compensation Act, an injury 'comprehends a physical or traumatic damage or harm,' which must be 'accidental in its character in the sense of being the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place.' "

In our view, the case of *Moody* v. *Keller* (1973), 33 Ohio App. 2d 300 accurately states the law as it pertains to the definitional problem before us, in conformity with *Philips* v. *Borg-Warner, supra.* In *Moody* v. *Keller,* a workman suffered a lumbo-sacral strain when he slipped while closing a boxcar door during the course of his employment. The law of the case is well stated in the syllabus, which we adopt herein:

"The clause '. . . any injury . . . accidental in character and result, . . .' as it appears in the definition of 'injury,' Section 4123.01(C), of the Workmen's Compensation Act, extends the compensability of an injury incurred in the course and scope of employment to include unusual and

unexpected accidents resulting from such employment without regard to the presence of an 'external accidental means.'"

Accordingly, since it is uncontroverted that the employee in the instant cause suffered his injury in the course of his employment, and such injury was unusual, unexpected and resulted *from*[1] his employment, we hold that it was a compensable injury under R. C. 4123.01(C). The second assignment of error is therefore without merit and overruled. The third and fourth assignments of error are subsumed in our disposition above and the judgment is affirmed.

*Judgment affirmed.*

SHANNON, P. J., PALMER and KEEFE, JJ., concur.

---

[1]The appellant Keebler Company seeks to persuade us that a previous decision of this court, *Ackerman* v. *Keller* (1970), 30 Ohio App. 2d 9, compels a decision in its favor. *Ackerman* concerned a city fireman with a pre-existing heart condition who was hospitalized following an apparent fall from his dormitory bed, where he was resting in an effort to dispel sensations of nausea incurred during a routine, light working day. He died in the hospital within two weeks "as a result of a myocardial infarction septal, with severe generalized arteriosclerosis as the underlying cause of death." *Id.* at 10. Our holding disallowing his survivor's claim was rooted in a well-established principle of the law of causation, viz., that the plaintiff must show that his injury was caused or exacerbated by and arose out of acts or incidents occurring while he was performing within the scope of his employment, thereby excluding from compensation those injuries or ailments whose sole demonstrable cause is a pre-existing adverse physical condition. Since the instant cause contains no hint of any such pre-existing condition, which could have caused the injury complained of herein, *Ackerman*, as explained above, is entirely inapposite. See also *Monday* v. *Fisher Body Division*, unreported, First Appellate District, No. CA-73459, May 20, 1974, another pre-existing adverse physical condition case, where objection was taken to the court's charge predicated on *Hamilton* v. *Keller*, 11 Ohio App. 2d 121. Neither *Ackerman*, nor *Monday* may be read as requiring proof of "externality," except in the limited context of the facts of the two cases, *i. e.*, where a pre-existing physical condition raises particular questions of causation.