HOWARD, APPELLEE, *v.* WHITE-WESTINGHOUSE, INC., APPELLANT; INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES. WHITE-WESTINGHOUSE, INC., APPELLANT, *v.* HOWARD ET AL., APPELLEES.

(Nos. 81AP-145 and 81AP-146—Decided September 29, 1981.)

*Messrs. Hilliard, Ramsey & Johnson* and *Mr. Jack L. Johnson,* for appellee Howard.

*Messrs. Squire, Sanders & Dempsey, Mr. William C. Donahue* and *Mr. Robert H. Gillespy,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Bradley Finn,* for appellees Industrial Commission et al.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County.

The record shows that appellee, Patty L. Howard, reported that she injured her back. She was working on a refrigerator assembly line, for periods of one to one and one-half hours. Her job required her to bend and stoop several times during the hour. The plant physician, Dr. Augusto Pangalangan, indicated that her pain apparently was from repeated bending. Her physician, Dr. Paul Matrka, an orthopedic surgeon, could not identify a single incident causing her injury, but indicated that it occurred over approximately a time span of an hour.

Appellant, White-Westinghouse, moved for a directed verdict. The trial court overruled the motion and the case was decided by the jury in appellee's favor.

Appellant has now perfected this appeal, including the following assignment of error:

"1. The Trial Court erred in not directing a verdict for White-Westinghouse Corporation because the manifest weight of the evidence is that no one specific incident caused Patty Howard's injuries while she was working for White-Westinghouse Corporation on April 28, 1977 but rather her injuries were caused by repeated activity and through gradual onset. As such she did not suffer a compensable injury under the Law of Ohio."

Counsel for both parties cite *Bowman* v. *National Graphics Corp.* (1978), 55 Ohio St. 2d 222 [9 O.O.3d 159], which states at page 224:

"This court has never held a claim such as appellee's to be an 'injury' as defined in the statute. We have held that in order to be a compensable injury, a claimant's condition must be 'accidental in its character in the sense of being the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place.' *Malone* v. *Indus. Comm.* (1942), 140 Ohio St. 292 [23 O.O. 496], paragraph one of the syllabus."

Therefore, when an employee doing various tasks, some of which require repeated bending and stooping for a period of approximately one to one and one-half hours, was accidentally injured, a causal connection between her employment and her injury was established, the injury being accidental in character and result. This rationale has been recently set forth by the Supreme Court in *Czarnecki* v. *Jones & Laughlin Corp.* (1979), 58 Ohio St. 2d 413, at pages 418-419 [12 O.O.3d 353]:

"The chronology of *Malone, Dripps* and R.C. 4123.01(C) also shows that the General Assembly did not intend for the *Malone* language in R.C. 4123.01(C) to require a preceding unusual circumstance as a prerequisite for compensation. The *Franken* opinion, which established the 'external accidental means' or unusual circumstances doctrine, was written in 1933. In 1937, the General Assembly enacted G.C. 1465-68, which defined compensable injury as *'any* injury received in the course of, and arising out of, the injured employee's employment.' (Emphasis added.) The *Malone* opinion was written in 1942, and the *Dripps* opinion reinstated the 'external accidental means' requirement in 1956. In 1959, Judge Bell's concurring opinion in *Davis, supra* (168 Ohio St. 482, 484 [7 O.O.2d 302]), characterized the *Malone* and *Dripps* doc-

trine as conflicting, applied the *Dripps* doctrine and, in Judge Bell's words, appealed to the General Assembly to correct any error the court may have made in applying the *Dripps* test for compensability.

"Later in 1959, the General Assembly amended the statutory definition of compensable injury. (The timing and language of the amendment indicate that the General Assembly was responding to the problems raised in the *Davis* case.) In the process of redrafting the statute, the General Assembly adopted the definition of compensable injury now found in R.C. 4123.01(C), a definition that incorporates both the *Malone* and *Dripps* tests for compensability. (The language of R.C. 4123.01(C)—specifically the word 'or' which joins the phrases 'caused by external accidental means' and 'accidental in character and result'—makes it clear that the General Assembly intended the two phrases to be read in the alternative and intended the injury to be compensable if it fell under either phrase.) By declining to adopt the *Dripps* test alone, the General Assembly chose not to make an unusual circumstance a prerequisite to compensability. * * *"

Thus to hold for appellant in this case would require reinstatement of the *Dripps* test (*Dripps* v. *Indus. Comm.* [1956], 165 Ohio St. 407 [60 O.O. 305]), because appellant's contention is inconsistent with *Bowman, Malone* and *Czarnecki,* and consistent only with *Dripps.* In *Malone,* it is the result that is sudden and unexpected; unlike in *Dripps,* wherein the means must be sudden and unexpected. *Dripps* limits the test to means, but *Malone* expands it and includes the result. Appellee in this case has not proven accidental means but she has shown that her injury was accidental in character and result. As set forth above in *Czarnecki,* appellee was not required to show that one specific incident, or unusual circumstance, caused her injuries as a prerequisite to a compensable injury.

Therefore, appellant's assignment of error is not well taken and is overruled.

Accordingly, for the foregoing reasons, the judgment is affirmed.

*Judgment affirmed.*

WHITESIDE and NORRIS, JJ., concur.